This is an appeal from the granting of defendants' Rule 12 (b)(6), ARCP, motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.
The complaint in this action was filed March 8, 1978. On April 11, 1978, defendants filed a Rule 12 (b)(6) motion to dismiss which the trial court granted May 16, 1978, allowing plaintiff ten days in which to *Page 8 
amend his complaint. Plaintiff filed an amendment to the complaint on May 25, 1978. From the complaint as amended, it appears that on September 20, 1977, plaintiff and defendant Spartan Foods entered into a written contract whereby plaintiff agreed to paint a Hardee's restaurant according to certain plans and specifications in return for the promise of Spartan Foods to pay $700. Plaintiff alleges that at the time of the signing of the contract defendant William Linder, Jr., acting within the line and scope of his authority as agent for Spartan Foods, represented to plaintiff that in lieu of plaintiff providing the insurance policies required by Section 13 and Section 14 of the contract[1] that defendant Spartan Foods would deduct two percent (2%) of the contract price and provide the insurance policies required by the contract. Plaintiff also alleges that the representations made by defendant William Linder, Jr., were false, that plaintiff believed these representations, and that in reliance upon them plaintiff did not purchase the Workmen's Compensation and general liability policies required by Sections 13 and 14 of the contract. Plaintiff further alleges that while performing the contract he fell from a ladder and broke his left foot, suffering as a proximate consequence permanent disability, pain and mental anguish, expenses for medical care, and loss of earnings. Defendants filed a second Rule 12 (b)(6) motion to dismiss which the trial court granted on July 6, 1978, and which also allowed plaintiff ten days to further amend the complaint. Plaintiff filed no subsequent amendments to the complaint, and this appeal from the order of the court granting defendants' Rule 12 (b)(6) motion was taken August 7, 1978.[2]
Defendants contend that the order dismissing the complaint with leave to amend is not a final order capable of supporting an appeal. Although there are several cases which hold that, under the Federal Rules of Civil Procedure, an order dismissing a complaint in the absence of an order dismissing the action is interlocutory [e.g. Jung v. K D Mining Co., 356 U.S. 335,78 S.Ct. 764, 2 L.Ed.2d 806 (1958); Midwestern Dev., Inc. v. Cityof Tulsa, 319 F.2d 53 (10th Cir. 1963), cert. denied,379 U.S. 989, 85 S.Ct. 702, 13 L.Ed.2d 610 (1965); Tietz v. Local 10 ofInternational Association of Bridge, Structural and OrnamentalIron Workers, 525 F.2d 688 (8th Cir. 1975)], where the plaintiff cannot amend or declares his intention to stand on his complaint such an order then becomes final and appealable.Borelli v. City of Reading, 532 F.2d 950 (3rd Cir. 1976).
Plaintiff was given leave to amend his complaint within ten days of the order dismissing the complaint. His failure to submit an amended complaint within the specified period coupled with his filing an appeal is a sufficient manifestation of his intention to stand on his complaint.
Moreover, the primary basis for those cases which hold that an order dismissing a complaint is not an appealable order is Rule 58, FRCP, which reads as follows:
 "Subject to the provisions of Rule 54 (b): (1) upon a general verdict of a *Page 9 
jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79 (a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."
As the Committee Comments to Rule 58, ARCP, indicate, the Alabama Rule "departs substantially in form from the Federal Rule in order to clarify the procedure as to rendition of judgments" and the language of the Alabama Rule "emphasizes the intention . . . to do away with unnecessary technicalities heretofore common in orders, judgments, and decrees." Rule 58 (b), ARCP, states that "[t]he judgment or order or the minute entry thereof will be sufficient if it indicates an intentionto adjudicate considering the whole record, and if it indicates the substance of the adjudication." (Emphasis supplied.) We find that the requisite intention to adjudicate was present in the instant case.
Since we consider that the order dismissing the complaint will support the appeal, we now proceed to a consideration of the merits.
Plaintiff alleges that during the negotiations between the parties, defendant Linder made certain statements to the effect that defendant Spartan Foods would assume responsibility for obtaining Workmen's Compensation and general liability insurance. These statements were not incorporated into the written contract which plaintiff attached to his complaint as an exhibit.
The rule of our cases is that all prior negotiations are merged into the written contract, which purports to cover the entire transaction. Long v. Hirs, 270 Ala. 131, 116 So.2d 605
(1959). Thus, Sections 13 and 14 of the written contract, which specify that plaintiff will secure certain insurance policies, supersede any discussions between the parties during the negotiation of the contract.
In brief, counsel for plaintiff concedes that, as an employer, he would not have been covered under an insurance policy providing Workmen's Compensation benefits as required by Section 13 of the contract. However, he contends that he would have been covered under a comprehensive bodily injury and property damage liability insurance policy covering "all contracting operations, Independent Contractors, Completed Operation, Specific Hold Harmless and/or Contractual liability, and Automotive and Construction Equipment Liability Insurance."
We cannot agree. Because such a policy by its very nature would serve to protect plaintiff and defendant Spartan Foods as co-insureds from liability against losses arising from injury or damage to a third person or his property, any injury sustained by the plaintiff-insured would not have been covered. Thus, even if prior negotiations were not merged in the written contract, it appears that plaintiff could still prove no set of facts in support of his claim which would entitle him to relief. Trabits v. First National Bank, 295 Ala. 85,323 So.2d 353 (1975).
Therefore, the order of July 6, 1978, dismissing the complaint for failure to state a claim on which relief can be granted must be affirmed.
MOTION TO DISMISS APPEAL DENIED.
AFFIRMED.
MADDOX, JONES, ALMON and SHORES, JJ., concur.
TORBERT, C.J., and FAULKNER, EMBRY and BEATTY, JJ., dissent.
[1] Sections 13 and 14 of the written contract in which plaintiff is referred to as "the subcontractor" and defendant as "the contractor" are as follows:
 "13. `The subcontractor shall maintain such insurance as will protect him and the contractor from claims under Workmen's Compensation Acts and from any other claim for damages for personal injury including death, which may arise from operations under the contract.'
 "14. `The subcontractor shall also maintain comprehensive bodily injury and property damage liability insurance which will cover all contracting operations, independent contractors, completed operations, specific hold harmless and/or contractual liability, and automotive and construction equipment liability insurance.'"
[2] It is not necessary to decide whether the 42-day period within which an appeal must be taken begins to run from the date of the entry of the order granting a motion to dismiss where no amendment is forthcoming or if it begins to run from the end of the 10-day period within which a party has expressly or automatically, under Rule 78, ARCP, been granted leave to amend. In the instant case the appeal was taken within 42 days from the date the order was entered. *Page 10