EMBRY, Justice.
This is an appeal by Geraldine Shelly, Gary Gunn, Myrtis Tinsley and Maggie Gross, a minor, through her sister and next friend, Geraldine Shelly, from what is styled “Decree Granting Motion To Dismiss.” The motion was that of Idell Stone Woodyard, individually and as Executrix of the Last Will and Testament of Schuessler Woodyard, deceased, Booker Woodyard, Tory Woodyard, Mary Cox and Eva Fulton.
Plaintiffs below, Shelly, et al., filed their complaint seeking declaratory and incidental relief, which was once amended. Defendants below, Woodyard, et al., filed their “Motion To Dismiss Amended Complaint” reciting grounds, including the failure to state a claim upon which relief could be granted, preceded by the phrase: “To dismiss the action * * • (Emphasis added.) The “Decree Granting Motion To Dismiss” merely recites “ * * * that said motion is due to be and is granted.” It does not dismiss the action nor does it tax costs.
In Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala.1979), this court held that an order granting defendants’ Rule 12(b)(6), ARCP, motion to dismiss for failure to state a claim upon which relief can be granted will support an appeal.
■ The dispositive issue in this case is whether plaintiffs fall within any of the three categories of. legitimated children that permit a previously illegitimate child to inherit from its natural father according to the laws of descent and distribution of Alabama. This being the case, other issues addressed by the parties in brief need not be addressed by us.
In Everage v. Gibson, 372 So.2d 829 (Ala. 1979), these categories are delineated thus-iy:
“To summarize, in order to claim the right to inherit from the intestate father’s estate, a child born out of wedlock may prove legitimation by the marriage of his parents plus a clear and unambiguous recognition of the child by the father. Or, such child may introduce a written, attested, and filed declaration of legitimation. Finally, the child may show a *517 judicial determination of paternity made within two years of birth and during the father’s lifetime."
The complaint as amended makes the statement that plaintiffs are the natural children of Schuessler Woodyard born out of wedlock but does not show them to have become legitimate by either of the three required processes and thus eligible to inherit from their natural father. Cowart v. Wheeler, 378 So.2d 732 (Ala.1979).
The judgment is affirmed.
AFFIRMED.
FAULKNER, ALMON and BEATTY, JJ., concur.
TORBERT, C. J., concurs specially.