437 So.2d 1283 (1983)
Thomas HAYDEN
v.
William D. HARRIS, etc., et al.
82-620.
Supreme Court of Alabama.
September 16, 1983.
*1284 C. Steven McLaurin, Birmingham, for appellant.
James O. Spencer, Jr. of Balch, Bingham, Baker, Hawthorne, Williams & Ward, Birmingham, for appellees.
MADDOX, Justice.
The only issue before the Court is whether the notice of appeal was untimely so as to deprive this Court of jurisdiction to hear this appeal. We conclude that the notice of appeal was untimely; therefore, this appeal is dismissed.
Thomas J. Hayden, plaintiff/appellant, sought to become a candidate for Justice of the Alabama Supreme Court in the November 1982, general election. Hayden filed his declaration of candidacy with the Alabama Republican Party, defendant/appellee, on July 8, 1982, for Associate Justice, Place 2, Alabama Supreme Court. Subsequent to the July 9, 1982, deadline for filing as a candidate for nomination to public office, Hayden withdrew as a candidate for Place 2, Alabama Supreme Court, and filed a declaration of candidacy for Associate Justice, Place 3, Alabama Supreme Court. An action was filed seeking a declaratory judgment or, in the alternative, a writ of mandamus and injunctive relief to prevent the Secretary of State from certifying Hayden's candidacy. See Bostwick v. Harris, 421 So.2d 492 (Ala.1982), wherein this Court held that Hayden's candidacy for Associate Justice, Place 3, Alabama Supreme Court, was invalid. William D. Harris, Judy B. Bewley, in their executive capacities as chairman and secretary, respectively, of the Alabama Republican Executive Committee and the Candidate Committee of the same body, who are defendants/appellees in the instant case, were, in addition to the Alabama Republic Party and others, co-defendants in the Bostwick v. Harris case.
On November 8, 1982, Hayden filed the present suit for fraud and misrepresentation in the circuit court of Jefferson County. *1285 The appellees timely filed a motion to dismiss, which the circuit court of Jefferson County granted on January 19, 1983. The case action summary sheet in the record reads as follows: "Defts Mot to dism Granted, 30 days to amend. Bryan Jd." Hayden filed no post-judgment motions, and did not amend his complaint, but on January 21, 1983, filed answers to the appellees' interrogatories of December 15, 1982. On March 30, 1983, seventy days after final judgment by the circuit court, Hayden filed notice of appeal with this Court.
Appellees, in their motion to dismiss, argued that plaintiff's complaint failed to state a claim upon which relief could be granted and that the Alabama Republican Party was not a legal entity amenable to suit. The circuit court, in its order granting appellees' motion, did not specify upon which of the grounds the decision to dismiss plaintiff's complaint was based. Ala.R. Civ.P. 41(b) provides, in part, that:
"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or failure to join a party under Rule 19, operates as an adjudication upon the merits."
According to the rule, the dismissal of appellant's complaint on either of the grounds argued in appellees' motion would act as an adjudication on the merits so as to dispose of the action.
This Court has provided that an appeal will lie only from a final judgment or order "... which determines the issues before the court and ascertains and declares the rights of the parties involved," Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981), or "... which puts an end to all matters litigated or which ought to have been litigated with respect to a particular controversy." First Alabama Bank of Montgomery, N.A. v. Martin, 381 So.2d 32, 33 (Ala.1980). The Alabama Court of Civil Appeals, in Wesley v. Brandon, 419 So.2d 257, 259 (Ala.Civ.App. 1982), followed the test of finality set forth by this Court in Alabama Public Service Commission v. Redwing, Inc., 281 Ala. Ill, 116, 199 So.2d 653, 657 (1967), as follows:
"However, under the doctrines of our cases the test of finality of a judgment to support an appeal is not whether the cause remains in fieri awaiting further proceedings to entitle the parties to their acquired rights, but whether the judgment ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated are necessarily involved. If these rights are ascertained, the decree is final and will support an appeal." (Citations omitted.)
The order in the present case acts as an adjudication on the merits, and therefore, it ascertains and declares the rights embracing the substantial merits of the controversy and necessarily involves the material issues litigated.
This Court, in Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala.1979), considered whether the dismissal of a complaint for failure to state a claim on which relief can be granted was a final order capable of supporting an appeal. The Court did not decide whether the 42-day period within which an appeal must be taken begins to run from the date of the entry of the order granting a motion to dismiss where no amendment is forthcoming or if it begins to run from the end of the period within which a party has expressly or automatically, under Rule 78, Ala.R.Civ.P., been granted leave to amend. Guilford, 372 So.2d at 8, n. 2. In Guilford, the appeal was taken within 42 days from the date the order was entered.
This Court, in Guilford, found the order to be final and appealable. The Court first considered the line of federal cases holding that an order dismissing a complaint, in the absence of an order dismissing the action, is interlocutory except when the plaintiff cannot amend or declares his intention to stand on his complaint, when an order then becomes final and appealable. 372 So.2d at 8. The federal cases, however, are based primarily on the *1286 language of Fed.R.Civ.P. 58, and the Court affirms the statement in the Committee Comments to Ala.R.Civ.P. Rule 58, that "... the Alabama Rule `departs substantially in form from the Federal Rule in order to clarify the procedure as to rendition of judgments....'" 372 So.2d at 9. The language in Alabama Rule 58 emphasizes the intention of the drafters to do away with the unnecessary technicalities heretofore common in orders, judgments and decrees. Ala.R.Civ.P. 58(b) provides:
"A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication. The judgment or order or the minute entry thereof will be sufficient if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication."
The language of Rule 58(b), considered with the decision in the Guilford case, indicates that a trial court's order of dismissal with leave to amend will be final and appealable if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication. An order of dismissal which acts as an adjudication on the merits clearly shows an intention on the part of the trial court to adjudicate as to that cause of action and necessarily involves the substance of the adjudication if it dismisses the plaintiff's entire complaint. In the present case, the order dismissing plaintiff's complaint acts as an adjudication on the merits under Ala.R. Civ.P. 41(b), and thus, the order is final and appealable.
This Court must now determine whether the 42-day period within which an appeal must be taken begins to run from the date of the entry of the order granting a motion to dismiss when no amendment is forthcoming or if it begins to run from the end of the period within which a party has been granted leave to amend. Ala.R.App.P. 4(a)(1) provides, in part:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (six weeks) of the date of the entry of the judgment or order appealed from."
In Guilford, a majority of this Court opined as follows:
"Plaintiff was given leave to amend his complaint within ten days of the order dismissing the complaint. His failure to submit an amended complaint within the specified period, coupled with his filing an appeal, is a sufficient manifestation of his intention to stand on his complaint."
While this Court, in Guilford v. Spartan Food Systems, Inc., found it unnecessary to decide whether the 42-day period within which an appeal must be taken begins to run from the date of the entry of the order granting a motion to dismiss where no amendment is forthcoming, or if it begins to run from the end of the period within which a party has been granted leave to amend, we now decide that the 42-day period begins to run from the date the order is entered. Here, as in Guilford v. Spartan Food Systems, the plaintiff, by filing a notice of appeal from the January 19, 1983, order of dismissal treated the order as final. Hayden's argument now that the January 19, 1983, order was not a final order is inconsistent with the action he took in filing the notice of appeal on March 30, 1983.[1]
Rule 2, Ala.R.App.P., provides in pertinent part:
"(a) Dismissal of Appeal. (1) An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.
"* * *
"(b) Suspension of Rules.... provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1); ..." (Emphasis supplied.) *1287 Correspondingly, Rule 4(a)(1), Ala.R.App.P., provides:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the Supreme Court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (six weeks) of the date of the entry of the judgment or order appealed from...." (Emphasis supplied.)
We have consistently held that the failure of an appellant to comply with the rules that requiring notice of appeal be filed within 42 days from the date of entry of final judgment deprives the Court of appellate jurisdiction. See Spina v. Causey, 403 So.2d 199 (Ala.1981); Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979); Thompson v. Keith, 365 So.2d 971 (Ala.1978); Holmes v. Powell, 363 So.2d 760 (Ala.1978); Morris v. Merchants National Bank, 359 So.2d 371 (Ala.1978); cf. State v. Wall, 348 So.2d 482 (Ala.1977) (applying Rule 4(b)).
Because Rule 4 is jurisdictional, "the prescribed time in which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this court." Stewart v. Younger, 375 So.2d 428 (Ala.1979). The 42-day time period for filing notice of appeal can be tolled only in very limited circumstances. For example, extensions of the time period are provided where appellant has filed "a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure." See also Rule 77(d), Ala.R.Civ.P.; Rule 4(a)(3), Ala.R.App.P.; Cockrell v. World's Finest Chocolate Co., Inc., 349 So.2d 1117, 1119 (Ala.1977), in which defendant's motion pursuant to Rule 60(b), Ala.R.Civ.P., was held not "to extend the time for taking an appeal." See also Ingram v. WAAY Television, 394 So.2d 65 (Ala.Civ.App.1981). The Committee Comments published with Rule 2, Ala.R.App.P., state unequivocally:
"If an appeal is not taken within the time as specified in Rule 4(a)(1), the appellate court shall dismiss it." (Emphasis supplied.)
The Committee Comments further state:
"The rule prohibits an appellate court from extending the time within which to take an appeal."
In Spina v. Causey, 403 So.2d 199 (Ala. 1981), this Court opined:
"Timely filing of an appeal is jurisdictional and `[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.' Rule 2(a)(1), ARAP. Under the rules, the time for taking an appeal from a final judgment is forty-two days after that judgment is entered....
"* * *
"The timeliness of filing the notice of appeal is a jurisdictional act [citations omitted]; therefore, the [late] filing of the appeal leaves us without jurisdiction to review."
403 So.2d at 201.
In summary, and as previously stated, Hayden's notice of appeal was filed on March 30, 1983. The order dismissing his complaint was rendered on January 19, 1983, and Hayden neither amended his complaint nor filed a post-judgment motion. Because Hayden filed his notice of appeal some 70 days after the final judgment of the trial court, the Court is without jurisdiction to hear this appeal; therefore, this appeal is dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and SHORES, JJ., concur.
EMBRY, J., concurs specially.
EMBRY, Justice (concurring specially).
I disagree with the holding that the judgment entered in this case was a final judgment. Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala.1979). I concur in the result, however, because the appeal is due to be dismissed because there was no final judgment.
NOTES
[1] In his reply brief, Hayden suggests that he attempted to file his notice of appeal on March 1, 1983, but we cannot consider this. We are bound by the record which Hayden filed, and it states that the notice of appeal was filed on March 30.