EMBRY, Justice.
Plaintiff-appellant, Ray Evers, M.D., brought this action against John Taylor and Gerald Parker for money had and received. The complaint reads in full as follows:
“Defendants owe plaintiff $15,000 for money had and received from the plaintiff on or about June 18, 1981.
“WHEREFORE, plaintiff prays judgment against the defendants for $15,000, interest and costs.”
Taylor and Parker filed a motion to dismiss based upon service inadequate to impose in personam jurisdiction upon Taylor and Parker. The trial court 'dismissed Ev-ers’s complaint without prejudice, with leave to amend. His amendment provides:
“Now comes Ray Evers, M.D., Plaintiff in the above styled cause, by and through his attorney of record, and with leave of the Court, amends his Complaint by adding thereto the following:
“This cause of action arises out of action of Defendants within the State of Alabama.”
Taylor and Parker submitted a second motion to dismiss based solely on the trial court’s lack of in personam jurisdiction. Again, the trial court granted the motion with leave to amend and without prejudice.
Instead of amending a second time, Evers chose to stand on his complaint and appeal directly to this court. As a prerequisite to any consideration of the merits of this appeal, we must determine whether the trial court’s order was final so as to support an appeal.
In Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (1979), this court considered whether the dismissal of a complaint for failure to state a claim on which relief can he granted was a final order capable of supporting an appeal. The court analyzed the issue as follows:
*1272 “Defendants contend that the order dismissing the complaint with leave to amend is not a final order capable of supporting an appeal. Although there are several cases which hold that, under the Federal Rules of Civil Procedure, an order dismissing a complaint in the absence of an order dismissing the action is interlocutory [e.g. Jung v. K & D Mining Co., 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958); Midwestern Dev., Inc. v. City of Tulsa, 319 F.2d 53 (10th Cir.1963), cert. denied, 379 U.S. 989, 85 S.Ct. 702, 13 L.Ed.2d 610 (1965); Tietz v. Local 10 of International Association of Bridge, Structural and Ornamental Iron Workers, 525 F.2d 688 (8th Cir.1975)], where the plaintiff cannot amend or declares his intention to stand on his complaint such an order then becomes final and appeala-ble. Borelli v. City of Reading, 532 F.2d 950 (3rd Cir.1976).
“Plaintiff was given leave to amend his complaint within ten days of the order dismissing the complaint. His failure to submit an amended complaint within the specified period coupled with his filing an appeal is a sufficient manifestation of his intention to stand on his complaint.
“Moreover, the primary basis for those cases which hold that an order dismissing a complaint is not an appealable order is Rule 58, FRCP, which reads as follows:
“ ‘Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.'
“As the Committee Comments to Rule 58, ARCP, indicate, the Alabama Rule ‘departs substantially in form from the Federal Rule in order to clarify the procedure as to rendition of judgments’ and the language of the Alabama Rule ‘emphasizes the intention ... to do away with unnecessary technicalities heretofore common in orders, judgments, and decrees.’ Rule 58(b), ARCP, states that ‘[t]he judgment or order or the minute entry thereof will be sufficient if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication.’ (Emphasis supplied.) We find that the requisite intention to adjudicate was present in the instant case.
“Since we consider that the order dismissing the complaint will support the appeal, we now proceed to a consideration of the merits.” (Complaint and intention to adjudicate emphasized in Guilford; other emphasis added.)
372 So.2d at 8-9.
Guilford indicates that a trial court’s order of dismissal with leave to amend will support an appeal if it indicates an ‘intention to adjudicate’ as is required for a judgment under Rule 58, ARCP. In Guilford, where the subject of the order was the adequacy of the complaint to state a cause of action, this court thought it was clear that the trial court intended to adjudicate concerning the action. In the instant case, however, where the dismissal of a complaint with leave to amend was due to lack of in personam jurisdiction, the trial court’s intention is not so clear.
Regarding the finality of an involuntary dismissal due to lack of in personam jurisdiction, Rule 41(b), ARCP, states:
*1273 ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.”
According to the rule, the dismissal of a complaint due to lack of in personam jurisdiction will not generally act as an adjudication on the merits so as to dispose of the action. Rather, unless a contrary intention is clearly expressed, it is interlocutory and incapable of supporting an appeal.
In the instant case the trial court’s order dismissing Evers’s complaint with leave to amend was interlocutory. It did not direct that all relief be denied. It left the suit pending for further proceedings either by amendment of the complaint, or by entry of a final order.
Because the trial court’s order that is the subject of this appeal is not final, this appeal is due to be and is hereby dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, BEAT-TY and ADAMS, JJ., concur.
JONES, J., concurs in the result.