This education employment case has two issues.
 1.
A teacher was the plaintiff, with the defendants being the Covington County Board of Education (Board), the individual members of the Board, and that county's superintendent of education.
The only pleadings consist of the plaintiff's complaint and the defendants' motion to dismiss the complaint because of its failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Alabama Rules of Civil Procedure. An order was stamped at the foot of the motion, as follows:
GRANTED
 8/4 19 87 /s/ Smith
Circuit Judge
The plaintiff appealed from that order, and the defendants have moved to dismiss the appeal. They contend that the order of August 4, 1987, is not a final judgment which will support an appeal.
It is no longer necessary that a judgment be phrased in formal language nor bear particular words of adjudication. A judgment is sufficient if it is signed or initialed by the trial judge and, considering the entire record, it indicates an intention to adjudicate and the substance of the adjudication. Rule 58(b), A.R.Civ.P.
The defendant's motion was to dismiss the complaint. The word "GRANTED" when read with the defendants' motion, upon which the judgment was stamped, indicates that the trial court intended to grant the defendants' motion to dismiss the complaint. Hayden v. Harris, 437 So.2d 1283 (Ala. 1983);Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala. 1979); Morton v. Chrysler Motors Corporation, 353 So.2d 505
(Ala. 1977).
A judgment which dismisses a complaint on 12(b)(6) grounds, with leave being granted to the plaintiff to amend, is a final order capable of supporting an appeal if a plaintiff declares his intention to stand on his complaint.Guilford, 372 So.2d at 8. While the trial court did not grant to the plaintiff the right to amend, he nevertheless could have amended his complaint to remedy any defects therein. Papastefanv. B L Construction Co. of Mobile, 356 So.2d 158 (Ala. 1978). Here, the plaintiff indicated his intention not to amend and to stand on his complaint when he filed his notice of appeal.Guilford, 372 So.2d at 8. The August 4, 1987, order was final and appealable. Hayden, supra; Guilford, supra; Morton, supra.
The defendants' motion to dismiss the plaintiff's appeal is overruled.
 2.
The plaintiff averred in his complaint that he has been continuously employed by the Board for nine years and is a tenured *Page 562 
teacher; that the Board has adopted certain non-racial objective criteria for the hiring of certified personnel which is a binding policy on the defendants and must be adhered to in all respects; that he has applied to the defendants to be appointed to fill vacancies as a principal or assistant principal; that the plaintiff was clearly more qualified under the Board's objective criteria than were other applicants who were actually employed to fill such vacant positions; and that the Board ignored its own policy to the plaintiff's detriment in that, had it followed its own policy, the plaintiff would have been employed by the defendants as a principal or assistant principal. Among other relief, the plaintiff sought a declaratory judgment with a determination that the Board had failed to follow its hiring policy. He also prayed that the Board be compelled to enforce the application of its policy in the employment of certified personnel for all positions.
The defendants filed their Rule 12(b)(6) motion, and the learned trial court granted it.
A dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief upon any cognizable theory of law. Fontenot v. Bramlett,470 So.2d 669 (Ala. 1985). It was further determined therein that, in ruling upon a dismissal of a complaint on 12(b)(6) grounds, an appellate court must review the allegations of the complaint and construe them in favor of the plaintiff regarding their sufficiency and that, in such a review, the appellate court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim whereby he may possibly prevail. Fontenot v. Bramlett, 470 So.2d at 671.
After applying that standard of review to the present case, it does not appear that the plaintiff could not recover under any set of facts or any cognizable theory of law. If the Board had not adopted its policy setting forth its non-racial objective criteria for the employment of all certified personnel, the Board would not have been required to follow any particular hiring policy, except that the Board could not hire contrary to law. However, having adopted a policy, the Board is bound by it and must follow it. Belcher v. JeffersonCounty Board of Education, 474 So.2d 1063, 1068 (Ala. 1985). Some of the pertinent averments of the plaintiff's complaint were that the defendants did not comply with their own hiring policy, to the plaintiff's detriment, and that they should be required to comply with its adopted policy. Accordingly, the complaint is sufficient to withstand a 12(b)(6) motion, and the matter should be heard upon its merits. We have no alternative but to reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.