L. CHARLES WRIGHT, Retired Appellate Judge.
The Limestone County Department of Human Resources (DHR) filed a petition to terminate the parental rights of James and Valerie Pylant to their children, James and Jamie. After an ore tenus proceeding the trial court terminated all legal rights of the parents to the children. The Pylants appeal.
DHR has filed a motion to dismiss the appeal as being untimely. The record indicates that the notice of appeal was untimely. Therefore, it is due to be dismissed.
The order terminating the parental rights was released on September 6, 1988. On the same day but prior to the release of the order, the Pylants filed a motion entitled “Motion for Visitation.” The motion stated in its entirety the following:
“Comes now Landy Raley, attorney for Valerie and James Pylant, and moves this Honorable Court for visitation with the minor children during the pendency of this case.”
The trial court denied the motion on September 8,1988. On September 21,1988 the Pylants filed a motion for additional time to file a notice of appeal and a notice of appeal. DHR filed a motion to dismiss the appeal as being untimely. The trial court granted the motion for additional time and accepted the notice of appeal.
In their motion to dismiss the appeal, DHR contends that the September 6 motion filed by the Pylants did not suspend the running of the time for filing notice of appeal. The Pylants, on the other hand, contend that their “Motion for Visitation” was in essence a Rule 59(e), A.R.Civ.P., motion and that their notice of appeal filed on September 21, 1988 was filed within fourteen days of the denial of the motion and was therefore timely.
The Pylants’ contention that a Rule 59(e) motion extends the time for filing notice of appeal is correct. Hayden v. Harris, 437 So.2d 1283 (Ala.1983). The dispositive issue here, however, is whether the Pylants’ “Motion for Visitation” can be characterized as a Rule 59(e) motion. We think not. As noted, the motion was filed prior to the release of the termination order, and there is no indication in the record that either party was aware of what the outcome would be. In brief, the Pylants explained their reason for filing the motion in the following manner:
“Because of an unusually long period after the termination hearing without any ruling by the Juvenile Court, the Pylants on September 6, 1988 moved the Court for visitation with the children pending a decision.”
Examination of the motion itself reveals that the purpose of the motion was simply to request visitation with the children while the case was under submission. The motion in no way seeks any relief under Rule 59(e). We decline to characterize the Py-lants’ motion as a Rule 59(e) motion. Accordingly, this appeal must be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status ás a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.