The appellant, Willie Woods, seeks to appeal his conviction for rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, of a two-year-old female, and his resulting sentence of life imprisonment. The attorney general asks that this appeal be dismissed, pursuant to A.R.App.P. 2, because of the appellant's alleged failure to timely file notice of appeal.
A jury, in the appellant's absence, found the appellant guilty on January 26, 1989. He had failed to show up for the second and final day of trial. He was not sentenced until December 5, 1991, after he had been taken into custody on October 1, 1991. At sentencing, the trial court advised the appellant of his right to appeal and of the time within which the appeal must be filed. A motion for a new trial was filed on January 3, 1992, and was denied on January 16, 1992. The notice of appeal to this court by the trial court clerk shows that the appellant filed his notice of appeal on March 13, 1992 — 57 days after the denial of the appellant's motion for a new trial. (However, the appellant's notice of appeal is not included in the record.)
On June 2, 1992, the appellant filed with the trial court a motion for enlargement of time "in which to take an appeal to the Court of Criminal Appeals through the 13th day of March, 1992." The appellant asserted that, because he says he received no notice that the trial court had denied his motion for a new trial on January 16, he had determined that his motion had been deemed denied by operation of law on February 4, see A.R.Cr.P. 24.4; that his notice of appeal was filed within 42 days of the February 4 date; and that he did not discover that the motion had actually been denied on January 16 until he received the record. As the appellant also asserted, the case action summary fails to show that a copy of the trial court's ruling was mailed to the appellant's attorney. The trial court granted this motion of enlargement on June 3, 1992.
The attorney general's motion to dismiss this appeal is due to be granted upon the following principles.
 " 'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . .' Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28
(1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). 'In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court.' Stewart v. Younger, 375 So.2d 428, 428 (Ala. 1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala. 1983); State v. Kebe, 399 So.2d 348 (Ala. 1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period)."
Symanowski v. State, 606 So.2d 171, 172 (Ala.Cr.App. 1992). The trial court erroneously granted the appellant's motion for enlargement.
Because the appellant's notice of appeal was not filed within 42 days after the denial of his motion for a new trial, as required by A.R.App.P. 4(b), this court has no jurisdiction to entertain the appeal of the appellant's conviction and sentence. See Symanowski and authority cited therein. The appellant's only remedy is an A.R.Cr.P. 32 petition.
APPEAL DISMISSED.
All Judges concur. *Page 9