RICHARD L. JONES, Retired Justice.
Great American Lines, Inc., appeals from a judgment dismissing its action on a note executed by the appellees, Daniel Burks, William A. Burks, and Jessie Burks. The dismissal is based expressly upon the doctrine of res judicata.
While the appellees have not favored us with a brief, we discern from the record that they relied upon judgments in two previous actions for their res judicata defense. The first of these two actions was brought by Great American to domesticate an alleged foreign judgment against the Burkses. Because the attempt to domesticate was defeated by the trial court’s holding that the foreign judgment was void on due process grounds (lack of personal jurisdiction), the lack of the “adjudication on the merits” element of res judicata defeats the application of that doctrine with regard to the first of the two previous actions. To be sure, Alabama law prohibits an inquiry into the merits of a foreign judgment that a party seeks to domesticate. Teng v. Diplomat National Bank, 431 So.2d 1202 (Ala.1983). See, also, Evers v. Taylor, 437 So.2d 1271 (Ala.1983) (holding that a dismissal because of a lack of personal jurisdiction is not an adjudication on the merits).
The second previous action, like this action, was on the note, which Great American contends was either voluntarily dismissed or was dismissed by agreement of the parties. We observe in the record that the trial court’s order of dismissal reads in terms of an involuntary dismissal for failure of the plaintiff to appear and prosecute its action. But this does not end our inquiry. The record further shows that the trial court had previously granted Great American 20 days within which to respond to the Burkses’ motion to dismiss. Additionally, the trial court had provided that, upon the filing of a response, a hearing would be held on the motion. Seven days after granting Great American the 20 days for a response, and without notice to the parties, the trial court granted the Burkses’ motion and thus dismissed Great American’s action.
Because the trial court erred, as a matter of law, in its premature summary ruling— made in violation of its own previous order allowing Great American 20 days to respond to the pending motion to dismiss and made without allowing the parties a hearing on the motion and on Great American’s response— the traditional discretionary standard of review is here inapplicable. Under these circumstances, we must reverse the trial court’s judgment of dismissal.'
This is not a case in which the trial court has not been first afforded the opportunity to rule on the issue now presented on appeal. Indeed, Great American’s post-judgment motion to set aside the dismissal stated the very grounds, with supporting testimony, that it would have stated in its “20-day response” if the trial court had not prematurely issued its judgment of dismissal.
A detailed recital of all the attending circumstances would serve no useful purpose. Suffice it to say that the uncontested sworn testimony in support of Great American’s post-judgment motion, which the trial court denied without a hearing, clearly indicates that the order dismissing the second of the two previous actions was not an adjudication on the merits of Great American’s claim against the Burkses on the note executed by *909 them in their personal capacities. Consequently, one of the requisite elements of the doctrine of res judicata is lacking. Therefore, the judgment of dismissal is reversed and the cause is remanded for trial.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.