On April 25, 1996, the appellant, Robert Bryant Melson, was convicted of three counts of robbery-murder because he committed the murders during the course of a robbery, see §13A-5-40(a)(2), Ala. Code 1975; one count of capital murder because he murdered two or more people by one act or pursuant to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala. Code 1975; one count of attempted *Page 717 
murder; and one count of first-degree robbery. On April 16, 1996, the jury recommended, by a vote of 10-2, that he be sentenced to death on the robbery-murder convictions. The trial court accepted the jury's recommendation and sentenced the appellant to death on the three robbery-murder convictions. It also sentenced him to imprisonment for life without the possibility of parole on the remaining capital murder conviction, 40 years in prison on the attempted murder conviction, and 40 years in prison on the first-degree robbery conviction. We affirmed his convictions on direct appeal and issued a certificate of judgment on August 22, 2000. See Melson v. State, 775 So.2d 857 (Ala.Crim.App. 1999), aff'd, 775 So.2d 904 (Ala. 2000), cert. denied, 532 U.S. 907,121 S.Ct. 1233, 149 L.Ed.2d 141 (2001).
The following dates and events are relevant to an understanding of the present posture of this case:
March 4, 2002 The appellant, through counsel, filed an unverified Rule 32 petition, challenging
 his convictions.
March 12, 2002 The State filed a motion to dismiss on the ground that the petition was not
 verified, as required by Rule 32.6(a), Ala. R.Crim. P.
March 15, 2002 The circuit court entered an order granting the State's motion to dismiss and
 giving the appellant 21 days to comply with the verification requirement.
March 25, 2002 The appellant, through counsel, amended his petition to comply with Rule
 32.6(a), Ala. R.Crim. P.
August 15, 2002 The State filed an answer and a motion to dismiss the petition.
September 8, 2002 The appellant, through counsel, filed a response to the State's answer and
 motion to dismiss.
October 17, 2002 The circuit court entered an order dismissing the petition.
December 2, 2002 The appellant, through counsel, filed a notice of appeal with the Alabama Court
 of Criminal Appeals.
December 6, 2002 The appellant, through counsel, filed a notice of appeal with the Etowah Circuit
 Clerk.
December 16, 2002 The Alabama Court of Criminal Appeals issued a certificate of judgment
 dismissing the appeal because it was not timely filed.

Subsequently, on March 6, 2003, the appellant, through counsel, filed a second verified Rule 32 petition. Citing Rule 32.1(f), Ala. R.Crim. P., he requested an out-of-time appeal from the dismissal of his previous Rule 32 petition on the ground that he had not timely filed a notice of appeal through no fault of his own.[1] After *Page 718 
the State responded, the circuit court summarily dismissed the petition. This appeal followed.
 I.
The appellant argues that the circuit court erred in summarily dismissing his petition without conducting an evidentiary hearing or making findings of fact regarding fault in the failure to perfect an appeal from the dismissal of the previous petition. With regard to summary disposition of Rule 32 petitions, Rule 32.7(d), Ala. R.Crim. P., provides, in pertinent part:
 "If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
(Emphasis added.)
In his petition, the only relief the appellant sought was an out-of-time appeal from the dismissal of his previous Rule 32 petition. In Marshall v. State, 884 So.2d 900, 904 (Ala. 2003), the Alabama Supreme Court stated:
 "If this Court were to hold today that Marshall may properly request an out-of-time appeal in a Rule 32 petition, we would be, first, amending Rule 32 to provide a ground for relief that the rule does not currently provide.[4]
 "While this Court, and not the Court of Criminal Appeals or the Court of Civil Appeals, maintains the authority to amend the rules of procedure, see Amend. No. 328, § 6.11, Ala. Const. 1901, we decline to do so at this time and in this manner. Second, if we hold that the out-of-time appeal was properly granted in this case, we would be implicitly nullifying our explicit holding in Ex parte Weeks, [611 So.2d 259
(Ala. 1992),] and our implicit holding in Ex parte Johnson [, 806 So.2d 1195 (Ala. 2001),] that mandamus is the only remedy in such a case. In other words, our recognizing that a successive Rule 32 petition may be the vehicle for requesting an out-of-time appeal from the denial of a previous Rule 32 petition would create `another adequate legal remedy,' ostensibly one `in addition' to a writ of mandamus. . . . It follows, however, that the introduction of a remedy `in addition' to mandamus would destroy the possibility of mandamus because for that extraordinary writ to issue the petitioner must have no adequate legal remedy. See, e.g., Ex parte Weaver, 781 So.2d 944, 949 (Ala. 2000). We therefore do not recognize such an `additional' remedy.
"_____________________
"[4] Rule 32.1, Ala. R.Crim. P., provides:
 "`Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
"`. . . .
 "`(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part.
"`. . . .'
 "Subsection (f) contemplates the appeal from a conviction or sentence, but not an appeal from an adverse ruling in a collateral proceeding (such as a Rule 32 petition). There is, therefore, no ground under Rule 32.1 through which Marshall, and those similarly situated, may petition for an out-of-time appeal from the denial of a Rule 32 petition." *Page 719 
(Footnote omitted; emphasis added.) Based on the Alabama Supreme Court's holding in Marshall, the appellant could not use Rule 32.1(f), Ala. R.Crim. P., to petition for an out-of-time appeal from the dismissal of his previous Rule 32 petition. Therefore, because the appellant did not state a claim upon which relief could be granted, the circuit court properly dismissed his petition without conducting an evidentiary hearing. See Rule 32.7(d), Ala. R.Crim. P. Furthermore, a circuit court need not make specific findings of fact when it summarily dismisses a petition. See Fincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998). Accordingly, the appellant's arguments are without merit.
 II.
The appellant also argues that fundamental fairness requires either that he be treated as a pro se petitioner and the mailbox rule applied to his case or that the circuit court notify him of the dismissal of his petition and he be allowed to file a timely notice of appeal within 42 days thereafter. He further argues that "heightened standards of reliability, review, and care mandated in a capital case weigh heavily in favor of affording [him] the remedy of an out-of-time appeal." (Appellant's brief at p. 28.) In addition, during the oral arguments on this case, the appellant asserted that the right to counsel should be extended to postconviction proceedings. However, he did not first present any of these arguments to the circuit court. Therefore, they are not properly before this court. See Morrison v. State,551 So.2d 435 (Ala.Crim.App. 1989).
 III.
Finally, the appellant argues that "[n]otice to the clerk of the court made by [local counsel] should be viewed as an imperfect notice of appeal which, when viewed together with the misdirection of the circuit court, enables this court, in its sound discretion, to suspend the rules and hear the original appeal." (Appellant's brief at p. 26.) Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part:
 "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from. . . ."
Rule 2(b), Ala. R.App. P., provides, in pertinent part:
 "In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1). . . ."
(Emphasis added.)
 "Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional."
Committee Comments to Rule 3, Ala. R.App. P. Finally,
 "`"[i]n the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . ." Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). "In *Page 720 
the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court." Stewart v. Younger, 375 So.2d 428, 428 (Ala. 1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala. 1983); State v. Kebe, 399 So.2d 348 (Ala. 1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).'
 "Symanowski v. State, 606 So.2d 171, 172
(Ala.Cr.App. 1992)."
Woods v. State, 609 So.2d 7, 8 (Ala.Crim.App. 1992).
Initially, we note that, because the appellant did not first present his "imperfect notice of appeal" argument to the circuit court, it is not properly before this court. See Morrison, supra. Furthermore, this court clearly does not have the authority to suspend the rules with regard to the requirement that a notice of appeal be timely filed. Therefore, the appellant's argument is without merit.
For the above-stated reasons, the circuit court properly dismissed the appellant's petition, and the appellant is not entitled to the relief requested. Accordingly, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] The appellant asserted that he had not timely filed his notice of appeal due to ineffective assistance by his Rule 32 counsel. In support of that contention, the appellant's local counsel asserted the following:
 "[L]ocal counsel attempted to file the Notice of Appeal and Docketing Statement with the Clerk of the Court for Etowah County and was told that the Notice of Appeal must be filed in the Court of Appeals, rather than in the trial court, and that it could be filed by mailing. Local counsel placed the Notice of Appeal in the U.S. Mail and sent it to the Court of Criminal Appeals, where it was received on December 2, 2002, and returned for filing in the trial court, with the result that filing of the Notice of Appeal was untimely."
(C.R. 230.)