BRYAN, Judge.
T.G. (“the mother”) appeals a judgment terminating her parental rights regarding her minor children, B.N.C., A.C.G., and A.B.C. The Etowah County Department of Human Resources (“DHR”) moves this court pursuant to Rule 1(b), Ala. R. Juv. P., to dismiss the mother’s appeal for failure to timely file a notice of appeal. We grant DHR’s motion and dismiss the mother’s appeal.
On October 18, 2004, DHR petitioned the juvenile court to terminate the mother’s parental rights, and the juvenile court held an evidentiary hearing regarding DHR’s petition on February 2, 2005. On March 28, 2005, the juvenile court entered a final judgment terminating the mother’s parental rights regarding B.N.C., A.C.G., and A.B.C. The mother then moved the juvenile court to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P. The mother’s postjudgment motion states: “Respectfully submitted this the 6th day of April, 2005.” (Emphasis added.) However, the clerk stamped “Filed April 15 2005” (emphasis added) on the mother’s postjudgment motion and entered it on the case action summary sheet on April 15, 2005. The juvenile court judge wrote on the mother’s motion: “Motion denied on 4/15/05. Mother has 14 *524 days from today to file appeal, /s/ W.D. Russell.” The clerk entered the juvenile court judge’s ruling on the mother’s post-judgment motion on the case action summary sheet on April 15, 2005. The mother subsequently filed a notice of appeal on April 20, 2005.
DHR argues that the mother’s post-judgment motion did not toll the 14-day period for the mother to file a notice of appeal because, DHR says, the post-judgment motion was filed on April 15, 2005, more than 14 days after the entry of the final judgment on March 28, 2005. Therefore, DHR argues, the mother’s notice of appeal was not timely filed on April 20, 2005, more than 14 days after the entry of the final judgment on March 28, 2005.
The mother, on the other hand, argues that she filed her postjudgment motion on April 6, 2005, by placing the motion in the clerk’s “in box” on April 6, 2005. She argues that despite her placing her post-judgment motion in the “in box” on April 6, 2005, the juvenile court clerk failed to stamp the motion “filed” and to note its filing on the case action summary until April 15, 2005. (The mother also argues that the clerk has occasionally failed to timely enter various other pleadings and motions.) Thus, the mother argues that she filed her postjudgment motion within 14 days of the entry of the final judgment and, therefore, that it tolled the 14-day period to file a notice of appeal until the trial court denied her postjudgment motion on April 15, 2005. Accordingly, the mother argues, her April 20, 2005, notice of appeal was timely. As an addendum to her brief to this court, the mother attached a memorandum of the clerk’s filing procedures. Paragraph 1 of the memorandum states, in pertinent part: “All motions, pleadings, papers, [and] documents to be filed shall be placed in the appropriate filing box along with the proper filing fees.... The filing box will be stamped at the end of every day.” However, although the mother argues that she placed her postjudgment motion in the clerk’s “in box” on April 6, 2005, she did not submit an affidavit or any other evidence establishing that she placed her postjudgment motion in the clerk’s “in box” on April 6, 2005.
On October 3, 2005, Billy Yates, the clerk of the Etowah Circuit Court, submitted affidavits of two employees, Kay McClendon and Denice Williams, in response to the mother’s response to DHR’s motion to dismiss. The affidavit of McClendon, who serves as the appeals clerk for the Etowah Juvenile Court, is not pertinent because it does not address the date the postjudgment motion was filed. However, Williams, the clerk who processes pleadings and orders for the Etowah Juvenile Court, stated in her affidavit that all notices, pleadings, and orders are “stamped filed the day they are received in the clerk’s office.”
In the case now before us, the mother did not submit an affidavit or any other evidence establishing that she filed her postjudgment motion on April 6, 2005. However, Williams’s affidavit established that the mother filed her postjudgment motion on April 15, 2005. Therefore, the evidence established that the mother filed her postjudgment motion on April 15, 2005.
Because the mother did not file the April 15, 2005, postjudgment motion within 14 days after the entry of the March 28, 2005, final judgment, the postjudgment motion did not toll the time for filing a notice of appeal. See § 26-17-20(b), Ala. Code 1975; Rule 1(B), Ala. R. Juv. P. (“All post-judgment motions ... must be filed within 14 days after entry of judg-ment_”); Rule 4(a)(3), Ala. R.App. P.; and State Dep’t of Human Res. v. I.P., 874 So.2d 1121, 1123 (Ala.Civ.App.2003). Fur *525 thermore, the juvenile court’s April 15, 2005, notation on the mother’s post-judgment motion stating that the mother could file a notice of appeal within 14 days after the entry of that ruling did not extend the mother’s time to file a notice of appeal.
“ ‘In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal ... even to relieve against mistake, inadvertence, accident, or misfortune ....’”
Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)); accord Melson v. State, 902 So.2d 715, 719 (Ala.Crim.App.2004). Therefore, the mother’s April 20, 2005, notice of appeal is untimely. State Dep’t of Human Res., supra. Accordingly, we grant DHR’s motion and dismiss the mother’s appeal'.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.