On Application for Rehearing

DONALDSON, Judge.
Jefferson S. Dunn, Gwendolyn Mosley, Carter Davenport, Derrick Carter, Willie Bryant, J. Peavey, Kevin Teal, and Randy Daniels (“the defendants”) have filed an application for rehearing and a motion to suspend the application of Rule 40(a)(2), Ala. R.App. P., which states: “No party can, as a matter of right, apply for a rehearing unless, on original submission, a brief was filed with the clerk as provided by the rules.” Although the defendants did not file a brief on original submission of this appeal, this court granted the motion to suspend the application of Rule 40(a)(2) primarily because the materials submitted indicated that David Lamar Johnson did not properly serve the defendants on original submission.
*1225 On original submission, this court reversed the trial court’s judgment insofar as it disposed of Johnson’s 42 U.S.C. § 1983 deliberate-indifference claim but affirmed the judgment insofar as it disposed of Johnson’s other claims. Johnson v. Dunn, 216 So.3d 1217, 1219 (Ala.Civ.App. 2016). On application for rehearing, the defendants argue that the dismissal of Johnson’s complaint was without prejudice and therefore would not support an appeal. Rule 41(b), Ala. R. Civ. P., addressing involuntary dismissals, provides, in part:
“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, [Ala. R. Civ. P.,] operates as an adjudication upon the merits.”
In our opinion on original submission, we noted that, although the case-action summary indicated that the dismissal of Johnson’s claims was without prejudice, the judgment had not specified that the action was dismissed without prejudice. 216 So.3d at 1223. As we also stated, a dismissal for lack of subject-matter jurisdiction is renewable on appeal regardless of whether the action was dismissed with or without prejudice. 216 So.3d at 1222; Rule 41(b), Ala. R. Civ. P,; Double B Country Store, LLC v, Alabama Dept of Transp., 171 So.3d 28, 30-31 n. 1 (Ala.Civ. App.2015).
The defendants assert that, although this court had appellate jurisdiction to affirm the judgment on the basis of the jurisdictional issues of state-agent immunity or state sovereign immunity, this court lacked appellate jurisdiction over the issue whether Johnson properly stated a deliberate-indifference claim and, thus, whether such a- claim was appropriately dismissed pursuant to Rule 12(b)(6), Ala. R. Civ, P. Because the judgment did not specify otherwise as to that claim, the dismissal of Johnson’s complaint on the basis of a failure to state a claim for which relief can be granted is an adjudication on the merits pursuant to Rule 41(b). See Havis v. Marshall Cty., 802 So.2d 1101, 1103 n. 2 (Ala.Civ.App.2001) (“We note that Rule 41(b), Ala. R. Civ. P., provides' that all dismissals not provided for in that rule, which would necessarily include dismissals under Rule 12(b)(6), operate as adjudications on the merits.”). “A judgment which dismisses a complaint on 12(b)(6) grounds, with leave being granted to the plaintiff to amend, is a final order capable of supporting an appeal if a plaintiff declares his intention to stand on his complaint.” Purnell v. Covington Cty. Bd. of Educ., 519 So.2d 560, 561 (Ala.Civ.App.1987). In the absence of any indications to the contrary, we construe the filing of a notice of appeal as an indication that, under such circumstances, the plaintiff intends not to amend his or 'her complaint. Id. In this case, Johnson filed a notice of appeal without any indication that he intended to' amend his complaint. Therefore, to the extent the dismissal of the deliberate-indifference claim was based on Rule 12(b)(6), the trial court’s judgment in regard to that claim was final and subject to our review.
The defendants next argue that Johnson was provided the opportunity to present materials in opposition to their motion to dismiss when he submitted a brief after the judgment had been entered. We note that the trial court made no reference to Johnson’s brief. Under the circumstances, the postjudgment filing did not cure the due-process defect. See Cherry v. Pinson Termite & Pest Control, LLC, 206 So.3d 557, 565 (Ala.2016) (holding that a party’s filing of a postjudgment motion did not cure the due-process defect when that par *1226 ty had been prejudiced by the lack of notice and opportunity to respond to an issue that became the basis for a summary judgment).
The defendants also argue that the trial court was authorized to dismiss Johnson’s complaint without a hearing pursuant to § 14-15-4(d)(l)e., Ala.Code 1975,.a provision of the Alabama Prisoner Litigation Reform Act, § 14-15-1 et seq., Ala.Code 1975 (“the Act”); § 14-15-4(d)(l)e. states: “The court, on its own motion or on the motion of a party, may dismiss any prisoner pro se civil action if the court is satisfied that the action is any of the following: ... e. Fails to state a claim upon which relief can be granted.” However, § 14-15-4(f)(2), Ala.Code 1975, provides: “After providing the parties an opportunity to file supporting and opposing memoranda, a court may rule on exceptions and motions without holding a hearing.” As noted in our opinion on original submission, the trial court failed to provide Johnson with an opportunity to file materials in opposition to the defendants’ motion to dismiss or to hold a hearing before entering its judgment. As a result, the trial court’s actions did not comport with § 14—15—4(f)(2), even if the Act was applicable.
The defendants further argue that Johnson’s complaint failed to state a claim upon which relief can be granted and, therefore, was properly dismissed. The defendants assert that Johnson failed to allege that he suffered a physical injury, or at least an injury that was not de minimis. In his claim of deliberate indifference, Johnson alleged that he faced a substantial risk of harm and that he suffered an inability to sleep from the alleged deprivation of the C-PAP breathing machine that alleviated his sleep apnea.
“On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted). Under this standard of review, we cannot say that Johnson’s complaint alleging deliberate indifference failed to state a sufficient claim. See also Murray v. Prison Health Servs., Inc., 112 So.3d 1103, 1107-08 (Ala.Civ.App. 2012) (holding that a complaint alleging a deprivation of medical treatment that caused pain stated a claim alleging relief for deliberate indifference).
As we noted in the opinion on original submission, the defendants pleaded only the defenses of state-agent immunity and state sovereign immunity, and those defenses are not applicable to Johnson’s deliberate-indifference claim. See King v. Correctional Med. Servs., Inc., 919 So.2d 1186, 1191 (Ala.Civ.App.2005) (“[Section] 14 [sovereign] immunity and State-agent immunity have no applicability to federal-law claims.”). The defendants assert that Johnson’s deliberate-indifference claim, brought pursuant to 42 U.S.C. § 1983, is barred by the federal-law doctrine of qualified immunity, but they did not assert that defense before the trial court. “[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered *1227 by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
During the pendency of the application for rehearing, Johnson filed a motion to clarify, seeking an order from this court specifying a date by which the trial court should enter an order in his favor. Such an order is not appropriate in this case, in which Johnson’s deliberate-indifference claim remains pending. After we had entered the order allowing the defendants to file an application for rehearing, Johnson subsequently filed two more motions, arguing against the defendants’ request to suspend the application of Rule 40(a)(2), Ala. R.App. P., and against the trial court’s continuance of a hearing originally scheduled for June 15, 2016. Because the issues raised in those motions are now moot, Johnson’s motions are denied.
For the foregoing reasons, we overrule the defendants’ application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.