243 So.2d 27

**Alfred Lee MEEKS**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**6 Div. 812.**

Supreme Court of Alabama.

Dec. 23, 1970.

Rehearing Denied Jan. 28, 1971.

John W. Cooper, Birmingham, for appellant.

Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

**514**

LAWSON, Justice.

The submission was on the motion to dismiss the appeal and on the merits.

The motion to dismiss the appeal is on two grounds, but we need consider only the first, which reads:

"The appeal was taken after the time for appeal had expired, in that the judgment in favor of the defendant was entered on January 17, 1969 (R. 51), plaintiff's motion for a new trial was overruled on October 6, 1969 (R. 55), and plaintiff filed security for costs of appeal on Tuesday, April 7, 1970, six months and one day following the ruling on the motion for new trial (R. 55)."

■ An appeal must be taken within the time and manner indicated by statute, and the date from which the time for appeal may be reckoned (where motion for new trial is duly made) is the date of the due and final rendition of judgment on such seasonable motion for a new trial.—Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425; Richards v. Williams, 231 Ala. 450, 165 So. 820; Local 204 of Textile Workers Union of America v. Richardson, 245 Ala. 37, 15 So.2d 578.

Here the latest appealable judgment of the circuit court was on October 6, 1969, by which the plaintiff's motion for new trial was overruled.—§ 764, Title 7, Code 1940, as amended; Sadler v. Sessions, supra.

The appeal should have been perfected within six months from October 6, 1969.— § 788, Title 7, Code 1940; Sadler v. Sessions, supra.

Appellant in his reply brief concedes that his appeal was taken one day late, but seeks to avoid dismissal of his appeal on the ground that counsel for appellee wrote counsel for appellant that the trial judge overruled the motion for new trial on October 7, 1969; that in response to that letter counsel for appellant marked his calendar so as to indicate that April 7, 1970,

was the last day on which the appeal could be effected; that counsel for appellee had no other notice of the date on which the judgment of the motion for new trial was entered.

Counsel for appellant does not claim that counsel for appellee intended to mislead him, but insists that the mistake innocently made by counsel for appellee should operate to toll the running of the statutory period for the taking of the appeal.

We cannot agree. We need cite only a few of the many cases which hold in effect that the time prescribed by statute for taking an appeal is jurisdictional and an appeal not timely taken will be dismissed either on motion of appellee or *ex mero motu.*—Gray v. State, ex rel. Attorney General, 279 Ala. 333, 185 So.2d 125; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 636, 144 So. 803, 806 on rehearing; Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Walden v. Leach, 201 Ala. 475, 78 So. 381; Williams v. Knight, 233 Ala. 42, 169 So. 371, Irwin v. Weil, 228 Ala. 489, 153 So. 746.

There is no distinction between being one day late and being "too late."—Nettles v. Nettles, 283 Ala. 457, 218 So.2d 259; Denson v. State, 43 Ala.App. 243, 187 So.2d 574.

It is the duty of counsel for appellants to see that appeals are taken timely and that records pertaining to appeals are timely filed.—Seals v. State, 282 Ala. 586, 213 So.2d 645; Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; State for Use of Russell County v. Fourth Nat. Bank of Columbus, Ga., 270 Ala. 135, 117 So.2d 145.

■ Appellant insists that we follow the dissenting opinion of Curtis, J., in Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261–1267. We think it sufficient to say that the views expressed in that opinion are not in accord with the law of this state as announced by our appellate courts. On the other hand, we

entertain the view that the language here-after quoted from the court's opinion in Hanley v. Hanley, *supra,* is in accord with the holding of this court, as well as that of most of the appellate courts of this country:

> "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal * * * even to relieve against mistake, inadvertence, accident, or misfortune * * *"

We feel constrained to hold that the motion to dismiss is well taken and must be granted. It is so ordered.

Appeal dismissed.

MERRILL, HARWOOD, BLOOD-WORTH and McCALL, JJ., concur.