John Michael Wilson, alias John Maxie Walters, III, was indicted by a Mobile County grand jury for rape in the first degree. He was convicted by a jury, adjudicated guilty by the trial court, and sentenced to life imprisonment. This appeal follows.
According to the testimony of the prosecutrix, she worked late and arrived home at her apartment in Mobile at about 9 p.m. on the evening of April 7, 1982. She was carrying several packages in her arms, and as she walked into the kitchen a man, whom she positively identified at the trial as the appellant, "jumped out at me with a knife at my throat and told me — he wheeled me around and held the knife at my back and told me to undress and get on the bed." She further testified that during the period of approximately four hours that appellant was in her apartment, he had sexual intercourse with her on two occasions and forced her to have oral sex with him, all against her will and without her consent.
She stated that appellant kept the knife in close proximity to him, either on the bed or on the floor next to the bed. She said *Page 199 
that she was terrified, that she thought she was "going to die."
The prosecutrix stated that at one point during the four-hour incident, appellant became agitated with her because she was physically shaking so hard due to being "terrified" that she feared appellant would murder her. At that point, she suggested that they have a drink of wine in the hope that she "could get him to start drinking" and he would "lose some control," permitting her to "get the upperhand of the situation and get out." She got some wine from the refrigerator (with appellant accompanying her) and invited him to drink as much as he wanted, while she pretended to also drink some.
At another point, appellant told the prosecutrix to put on his clothes and go to his car, which was parked within five or six feet of the front door of the apartment, and get his cigarettes; he stood in the doorway while she retrieved his cigarettes. She stated that while outside she calculated the risk of trying to seek assistance or to escape, and concluded neither alternative was a good risk since she observed no lights in adjacent apartments from which to seek help, and the isolated area in which the apartment complex is located was surrounded by "a deep concrete drainage ditch," there being "no place to run."
The prosecutrix stated that about 12:30 or 1:00 appellant "seemed to double over in pain for some reason," and she got him out of the apartment and pushed him out the front door. She immediately called a neighbor, the apartment manager, and the police to report the incident. After the police arrived, she went immediately to the hospital.
Appellant denied breaking into the apartment, stating that he voluntarily assisted the prosecutrix with the packages she was carrying and was invited to remain in the apartment. He admitted having sexual intercourse with the prosecutrix, but denied that it was against her will or was by forcible compulsion. It was his position that the sexual contact was at the behest of the prosecutrix herself, and that the allegation of rape was out of revenge against his emotional attitude toward her.
 I
The failure to file or give a proper notice of appeal is a basis for dismissal of the appeal. A.R.A.P. 2 (a)(1). However, Rule 2 (b), Alabama Rules of Appellate Procedure, extends authority to this court to suspend the rules for good cause shown. Here, the appellant gave an oral notice of appeal during the time within which the rules would have required a written notice. Since the matter of the mechanics involved in perfecting the appeal in this case may have been subject to some misinterpretation or misunderstanding, we suspend the rules and deny the State's request to dismiss the appeal. SeeTyson v. State, 361 So.2d 1182 (Ala.Cr.App. 1978).
 II
Appellant alleges error in the trial court's denial of his motion for a directed verdict at the close of the State's case. We do not agree.
In determining whether the State presented a prima facie case, the evidence is considered in its light most favorable to the State. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978),cert. denied, 368 So.2d 877 (Ala. 1979). Considered in that light, all of the elements of rape in the first degree were affirmatively established by the State's case in chief.
Appellant questions the State's proof of the forcible compulsion element. We find that this was adequately provided by evidence of the knife, and that the prosecutrix's decision against attempting to flee or to seek assistance was a rational one, taking into account the possible safety risks involved.
Appellant's motion for a directed verdict was properly denied.
 III
Appellant complains that he was prejudiced by improper comments of the prosecutor *Page 200 
during closing arguments. Appellant claims that the prosecutor improperly argued that appellant "was going to stand trial for thieving right now," and that an improper and inflammatory appeal was made to the jury by the argument that "it has about got to the point where we are not only going to have to be issuing guns to everybody to carry around but put armour plates on our houses or our apartments."
We note from the record that the objection interposed by appellant to these comments did not result in unfavorable rulings to him.
The first comment was an obvious reference to a pending charge against the appellant of interstate transportation of a stolen motor vehicle, about which he testified on both his direct examination and cross examination. The comment was a reasonable inference from the evidence and was by no means improper. Upon objection by appellant, the trial court did not rule on the objection, but observed that he would "instruct the jury about these crimes not being evidence that he did this one."
In the latter instance, appellant's objection was sustained, and the trial court instructed the jury that "we are not interested in anything but this particular case — whether this man is guilty under the evidence that you heard or not. What happened yesterday or last night here in Mobile has got nothing to do with this case." We construe this as an instruction to the jury to disregard the prosecutor's comment.
The trial judge is in a better position than an appellate court to determine whether the remark was so prejudicial as to be ineradicable. Moreover, there is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remark. See Favorv. State, 389 So.2d 556 (Ala.Cr.App. 1980), and the authorities cited therein.
No error is demonstrated by the prosecutor's comments in the closing arguments.
 IV
Appellant contends that the trial court erred in (1) refusing to limit the State's cross examination regarding appellant's character to his reputation for the specific character trait of sexual conduct, and (2) refusing to admit evidence of appellant's sexual habits for proof that he was wrongfully accused of rape in this instance.
The law is clear in this State that the character of the accused may be proved by evidence of his general reputation in the community where he lives prior to the offense in question. See Chunn v. State, 402 So.2d 1139 (Ala.Cr.App. 1981), and authorities therein cited. The trial court correctly refused to limit the inquiry to appellant's reputation for having a character trait of a strong, active and varied sexual conduct. Such trait is not germane to a prosecution for rape.
Likewise, proof of a habit of appellant's active sexual conduct without having been previously charged with rape is inadmissible to support his plea of not guilty in this case. See Myers v. State, 367 So.2d 550 (Ala.Cr.App. 1978), wherein this court held in a child molestation case that the accused may not be permitted to prove his own good reputation for associating with other children and not abusing them.
 V
One of appellant's requested written jury charges, dealing with lack of the required degree of proof of the forcible compulsion element, was refused by the trial court. The charge was sufficiently covered in the other jury instructions; therefore, the refusal does not constitute error.
Additionally, the appellant's contention was not properly preserved for appellate review. Allen v. State, 414 So.2d 989
(Ala.Cr.App. 1981), aff'd, Ex parte Allen, 414 So.2d 993 (Ala. 1982).
 VI
Appellant was sentenced immediately after the jury returned its verdict finding him guilty of rape as charged in the indictment. *Page 201 
He did not request a presentence report, nor does the record contain any objection by him to the imposition of a sentence under the Habitual Felony Offender Act because of inadequate notice.
The notice required by Rule 6 (b)(3)(ii) of the Alabama Rules of Criminal Procedure, Temporary Rules, is for the purpose of alerting the accused as to the prior convictions upon which the prosecution will rely to enhance the punishment. Where the accused admits the prior felony conviction in his testimony, as is the case here, the necessity for the notice is obviated.
No prejudice to the appellant resulted from the sentencing procedure here employed.
 VII
The sentence imposed is within the limits defined by the punishment statute; therefore, this court is without jurisdiction to review the punishment. Fagan v. State,412 So.2d 1282 (Ala.Cr.App. 1982).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.