SAM W. TAYLOR, Judge.
This is an appeal from the denial of a petition for writ of error coram nobis and denial for a petition for writ of habeas corpus. The petitioner argues that he was denied an appeal of his conviction and effective representation by counsel.
The appellant was convicted of murder in the first degree and sentenced to life imprisonment in 1978. At that time he was represented by retained counsel. His case was not appealed at that time, but thereafter, he petitioned for a writ of error coram nobis and another lawyer was appointed to represent him. That petition was denied. In the hearing on the present new petitions for a writ of error coram nobis and for writ of habeas corpus, our record does not adequately reflect what took place between the appellant and his original retained counsel, Jeff Smith.
The appellant’s testimony standing alone does not, in our judgment, appear sufficient to meet the test of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), as cited with approval in Daniels v. Alabama, 487 F.2d 887 (5th Cir.1973), and Longmire v. State, (Ms. 81-309, Dec. 10, 1982) (Ala.1982). However, the judge in the trial court hearing made this statement:
“Let me state for the record that this Court, in ruling upon this matter, will take Judicial Notice of all proceedings that have occurred previously. I was the trial judge in the case; I recall the evidence from the case; and I recall the intervening matters. So it won’t be necessary for you to question this witness about that, or go into the trial in detail because I do take Judicial Notice of that.”
The original retained trial counsel did not testify at this hearing. It does, however, appear that Mr. Smith’s position on the question of whether or not he was requested to take an appeal or employed to take an appeal was made known to the court. The court stated (R 21) “As far as the competency of counsel, I believe that in an earlier hearing that Mr. Jeff Smith testified ...”
At the conclusion of this original coram nobis proceeding, the court, on January 18, 1983, entered an order in which it denied the petition for writ of error coram nobis and the petition for writ of habeas corpus and then stated:
“It is however expressly declared by the Court that this denial in no wise is to prejudice the Court’s earlier ruling dated June 5, 1980, wherein this Court granted *235 a petition to reinstate the appeal rights of the defendant insofar as possible.”
We conclude therefore, that the trial court did find the facts to be such that the court felt the defendant was denied an appeal of his case through no fault of his own.
With matters in this posture, we believe that the circumstances in this ease warrant our granting the petitioner an appeal of his conviction, relying on Longmire v. State, supra. We agree with the trial judge, but understand the procedure to grant the appeal to be to grant the coram nobis writ. Accordingly, the judgment of the circuit court denying the petition for writ of error coram nobis is reversed. This cause is remanded to that court with directions that the petitioner be afforded an appeal.
REVERSED AND REMANDED.
TYSON, HARRIS and HUBERT TAYLOR, JJ., concur.
BOWEN, P.J., dissents without opinion.