PATTERSON, Judge.
This is an appeal from the denial, after an evidentiary hearing, of a petition for post-conviction relief pursuant to A.R.Crim. P.Temp. 20.
It appears from the record before us that appellant, Robert Lee Hulsey, was indicted on November 28, 1983, for the offenses of attempted rape in the first degree and rape in the first degree; that after a jury trial on September 18,1985, he was acquitted of the attempted rape charge and convicted of the first degree rape charge; and that he was sentenced on December 16, 1985, to 30 years in the penitentiary. After the sentencing, appellant terminated the services of his trial counsel and retained another attorney, who filed a motion for a new trial and represented appellant at the hearing on said motion. However, this hearing and the ruling thereon came too late, since the motion had already been automatically denied by operation of A.R.Crim.P.Temp. 13(d). Thereafter, appellant’s counsel filed a notice of appeal, but we dismissed the appeal because the notice was untimely. 492 So.2d 672 (Ala.Cr.App.1986) A.R.A.P. 3(a)(2) and 4(a)(1).
Appellant contends, inter alia, in his petition that he received ineffective assistance of counsel because his attorneys failed to file timely notice of appeal, causing a foreclosure of his right of appellate review. We agree.
It is beyond question that an accused has the right to effective assistance of counsel on direct appeal. Evitts v. Lucy, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and cases cited in n. 9. The failure of counsel to perfect an appeal, resulting in the foreclosure of state appellate review, is a denial of constitutionally effective counsel. Jones v. State, 495 So.2d 722 (Ala.Cr.App.1986). See also Cantrell v. Alabama, 546 F.2d 652 (5th Cir.), cert. denied, 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977); Malone v. Alabama, 514 F.2d 77 (5th Cir.), cert. denied, 423 U.S. 990, 96 *791 S.Ct. 403, 46 L.Ed.2d 309 (1975). We find that, through no fault of his own, appellant was denied the right to appeal due to counsel’s ineffectiveness in failing to file timely notice of appeal.
For the above reasons, we grant appellant an out of time appeal.[1] The order of this court dated June 13, 1986, dismissing Hulsey’s appeal is hereby set aside. It is further ordered that the time for filing briefs shall begin to run from the date of the certificate of completion of the record on appeal. A.R.A.P. 31.
The judgment of the trial court in this post-conviction proceeding is reversed, and appellant is granted an out of time appeal.
JUDGMENT REVERSED; OUT OF TIME APPEAL GRANTED.
All Judges concur.

. The attorney general, in brief, agrees that the failure of appellant's counsel to perfect an appeal in this instance was a denial of constitutionally effective counsel, and requests that we grant an out of time appeal.