The appellant, Catherine Marie Symanowski, was convicted of murder on April 20, 1990, and she was sentenced to life imprisonment on May 23, 1990. The trial record shows no filing of a notice of appeal or any post-trial motion after trial. On January 25, 1991, Symanowski requested a trial transcript. This request was denied on February 13, 1991. Symanowski then filed a request dated February 19, 1991, for appointment of counsel "to represent [her] in filing a motion for an appeal out of time . . . on grounds that [she] was denied effective assistance of counsel." The circuit court appointed counsel for Symanowski on March 4, 1991, to explore "any issues that might be raised on appeal" and to "seek any post-trial remedies, including application for out-of-time appeal, which the ends of justice may require." On April 18, 1991, appointed counsel filed a motion for an order allowing an out-of-time appeal wherein he alleged that a Rule 20 motion "is not *Page 172 
applicable and will not allow [Symanowski] to seek any relief in this cause" because the issues that Symanowski wished to argue could have been raised on direct appeal and thus would be procedurally barred. On May 6, 1991, the circuit court issued an order which states, in part, the following:
 "After fully considering the events of the trial itself, the length of the sentence, and the prospect of post-judgment remedies, the undersigned judge feels that it will be in the interest of justice to allow an out-of-time appeal in this case so that there can be a complete review of all aspects of the case by the Court of Criminal Appeals.
 ". . . [I]t is in the interest of justice that the case be carefully reviewed on appeal so that all matters that can be raised on appeal are procedurally barred."
The court further ordered that counsel "carefully review the performance of trial counsel so that any issues pertaining to competency of counsel receive an adequate review." Notice of appeal was filed on May 9, 1991.
In support of her appeal, Symanowski has filed a brief raising six issues, one of which is ineffective trial counsel. The attorney general argues, in part, that this appeal should be dismissed because the circuit court had no jurisdiction to entertain Symanowski's motion for an out-of-time appeal and, thus, its order is void.
An appeal must be taken in the manner and within the time prescribed by the Alabama Rules of Appellate Procedure, or it is not taken at all. See Rogers v. Singleton, 286 Ala. 83,237 So.2d 473 (1970). A.R.App.P. 4(b) provides that in a criminal case the notice of appeal must be filed within 42 days of pronouncement of sentence, provided that the notice of appeal may be orally entered at the sentencing, or it must be filed within 42 days after the denial or overruling of a motion in arrest of judgment, motion for a new trial, or motion for judgment of acquittal filed within 30 days of sentence. "This 42-day period is to be applied uniformly. . . ." Committee Comments, Rule 4. Rule 2(a)(1) provides:
"An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." This requirement of timely filing of the notice of appeal is "a jurisdictional act"; "[i]t is the only step in the appellate process which is jurisdictional." Committee Comments, Rule 3. See also Lewis v. State, 463 So.2d 154, 155 (Ala. 1985);Woods v. State, 371 So.2d 944, 945 (Ala. 1979); Turner v. State,365 So.2d 335, 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336
(1978).
"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . ." Meeks v. State Farm Mut. Auto. Ins. Co.,286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). "In the interest of finality of judgments, the prescribed time within which a notice of appealmust be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court." Stewart v. Younger, 375 So.2d 428, 428
(Ala. 1979) (emphasis in original). See also Hayden v. Harris,437 So.2d 1283, 1287 (Ala. 1983); State v. Kebe,399 So.2d 348 (Ala. 1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).
These principles were applied in Wood v. City of Birmingham,380 So.2d 394 (Ala.Cr.App. 1980). There, Wood was convicted in the municipal court of driving while intoxicated and driving without a license; he filed appeal bonds which were refused as being too late; his counsel then persuaded the municipal court to resentence him "to allow for appeal"; and, upon appeal, the circuit court dismissed his appeal. In holding that the municipal court was without statutory authority to "resentence" Wood to extend the time for filing of appeal and thus the circuit court correctly dismissed the appeal to that court, theWood court explained the following: *Page 173 
 "We hold that a court cannot extend, expand, or otherwise modify the time for perfecting an appeal. A court cannot breathe life into a dead appeal. Under Alabama law the right to appeal is a creature of statute, and such statutes are strictly construed. Hairston v. Alabama, 465 F.2d 675 (5th Cir. 1972). There is no inherent or inalienable right of appeal, but such right is purely statutory. State v. Bibby, 47 Ala. App. 240, 252 So.2d 662 (1971)."
Id. at 396. See also Longmire v. State, 443 So.2d 1265, 1269
(Ala. 1982) (where the court noted that it was not "embrac[ing]" the concept of an out-of-time appeal); Lee v. State,342 So.2d 1390 (Ala.Cr.App. 1977) (wherein the court held that the circuit court had no authority to reinstate Lee's notice of appeal after dismissing his appeal pursuant to his request).
Symanowski, in arguing that this court has jurisdiction to consider an appeal based upon a circuit court's order granting an out-of-time appeal, directs our attention to Tyson v. State,361 So.2d 1182 (Ala.Cr.App. 1978). There, in reviewing the state's motion to dismiss the appeal on the ground that Tyson gave improper notice of appeal — oral notice at the probation revocation hearing, but timely since it was 28 days after sentencing — the court stated the following after holding the notice to be improper:
 "While the failure to file or give a proper notice of appeal is a basis for dismissing the appeal, Rule 2(b), A.R.A.P. cloaks this court with the authority to suspend the rules 'in the interest of expediting decision, or for other good cause shown.'
 "Because this matter may have been subject to some misinterpretation or misunderstanding and in the interest of expediting our decision, we suspend the rules and deny the state's motion to dismiss."
361 So.2d at 1189.
This holding of Tyson has been cited only twice. The court inWilson v. State, 428 So.2d 197, 199 (Ala.Cr.App. 1983), suspended the rules where Wilson "gave an oral notice of appeal during the time within which the rules would have required a written notice." In Ex parte Gamble, 413 So.2d 404
(Ala.Cr.App. 1982), the court denied Gamble's petition for writ of error that was, in essence, an attempt to obtain an appeal of his conviction and sentence, after his appeal had been dismissed because he had given ineffective oral notice of appeal (at denial of probation rather than at sentencing) 43 days after sentencing and written notice 68 days after sentence. In so ruling, the Gamble court stated the following: "Rule 2, ARAP, allows this court to suspend the rules in the interests of justice as was done in Tyson, supra. However, this possibility is left to our sound discretion. We see no reason to suspend the rules in this case." Id. at 406.
The attorney general asks us to overrule the specific language of Gamble that seems to indicate that this court can suspend the rules regarding the time within which an appeal must be filed. We find the result of Gamble to be correct; however, the possible implication that this court may suspend the time requirement of A.R.App.P. 4(b) is irreconcilable with the clear proclamation of the rule and of pertinent caselaw. Rule 2(b) explicitly prohibits the suspension of the requirement that the notice of appeal be timely filed. See alsoEx parte Barton, 376 So.2d 753, 753 (Ala. 1978) (wherein the court recognized that "Rule 2 ARAP provides that the appellate court may, in its sound discretion, suspend the Rules, except for extending the time for taking an appeal"). We have found no authority nor can we conceive of any argument that would support a suspension of the time requirement here. The record contains absolutely no indication of any action taken by Symanowski or her attorney to perfect an appeal, much less anytimely action, as that which occurred in Wilson and Tyson.
Moreover, contrary to Symanowski's argument, Tyson is no authority for allowing this appellant a direct appeal, because the suspension of the rules in Tyson (and in Wilson) excused a fault in the clerical mechanics of filing a proper notice, not an untimely filing of the notice *Page 174 
as is present here. Finally, we note that Tyson has been relied upon only twice, as noted above, and Wilson and Gamble have never been cited for the proposition of suspension of the rules.
The only recognized procedure for the circuit court to grant an appeal of a conviction after time for filing notice of appeal has run is for the court to grant a collateral petition upon its finding that the petitioner was denied an appeal through no fault of his own. See Longmire v. State; Campbell v.State, 435 So.2d 234, 235 (Ala.Cr.App. 1983). See also Ex parteHammonds, 45 Ala. App. 468, 469, 231 So.2d 922, 922 (1970) (wherein the court recognized that "[e]xcept for the limited review of a writ of error (or discretionary certiorari), the common law writ of error coram nobis is alone available" after a dismissal of a direct appeal) (footnote omitted). Rule 32.4 states, in part, the following:
 "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 2 [— motion for new trial and motion in arrest of judgment —] and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."
Rule 32.1(f) provides that the petitioner may secure appropriate relief upon the ground that he "failed to appeal within the prescribed time and that failure was without fault on petitioner's part." For examples, see Hulsey v. State,527 So.2d 790 (Ala.Cr.App. 1988); Brown v. State, 460 So.2d 263
(Ala.Cr.App. 1984).
It is most judicious that a claim such as the one presented to the instant trial court be adjudicated in accordance with Rule 32. Foremost, a main objective of the rule is to provide one fair and complete proceeding for collateral attack, thus avoiding piecemeal litigation. Such action as taken by the instant court does not further that aim. "Rule [32] provides for a complete adjudication of claims brought pursuant to that rule." Patterson v. State, 549 So.2d 635, 636
(Ala.Cr.App. 1989). The present situation is a good illustration of this principle. Rule 32, not direct appeal, is the appropriate forum for Symanowski to pursue her allegation of ineffective assistance of trial counsel, since the determination of such allegation should first be made by the trial court. Moreover, Rule 32.3 provides for the appropriation of the burdens of proof. A crucial inquiry here is who was at fault for the failure to give timely notice of appeal. If it was Symanowski, she is not deserving of an appeal now; she should not now profit for a voluntary and knowing inaction. However, if it was counsel's fault, without question Symanowski's statutory right to an appeal should be respected. Symanowski must prove, by a preponderance of the evidence, that the failure to appeal was by no fault on her part. No such showing has been made.
We are most respectfully mindful of the instant trial court's generous concern for Symanowski's plight. However, the rules cannot be circumvented as they have been here. The trial court's actions were void; the court did not have jurisdiction to entertain the motion for an out-of-time appeal without its being treated as a Rule 32 petition and consequently governed by the procedural requirements of that rule. Thus, because we have no final judgment before us, this cause is dismissed.
APPEAL DISMISSED.
All Judges concur.