The appellant, Kevin Barfield, purports to appeal from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1995 guilty-plea conviction for first degree rape, and the resulting sentence of 20 years' imprisonment. The attorney general argues that this appeal should be dismissed because, it argues, the appellant's notice of appeal was untimely.
The relevant facts are as follows:
1. On June 26, 1996, the appellant filed a Rule 32 petition in the Circuit Court of Jefferson County. (C.R.1-10.) In the petition, the appellant maintained that he was entitled to relief because, he argued, a number of his constitutional rights had been violated. The appellant also argued that the trial court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, and that he had failed to appeal his conviction through no fault of his own.
2. On August 26, 1996, the state filed a motion to dismiss the petition on the grounds that the claims were either precluded, were without merit, or were merely bare allegations. (C.R.13-18.)
3. On September 5, 1996, the appellant filed a response to the state's motion to dismiss. (C.R. 19-20.)
4. On September 23, 1996, the appellant filed a document entitled "Motion for Expansion of Records, Introduction of Newly Discovered Evidence," which included an affidavit from a prison inmate who vouched for the appellant's innocence. (C.R. 21-23.)
5. On October 16, 1996, the trial court denied the appellant's petition in the following written order:
 "The Court, having reviewed petition for relief from conviction and the state's response, finds that petitioner has not supported any allegations in the petition with fact. Petition for relief from conviction is denied and dismissed."
(C.R.32.)
6. The trial court clerk's record contains a written notice of appeal filed by the appellant in the Jefferson County Circuit Court. (C.R.24.) The notice of appeal does not indicatewhen the notice was filed in the circuit clerk's office;
however, both the notice of appeal and its certificate of service are dated November 11, 1996. *Page 1012 
7. On November 12, 1996, this Court received a copy of the appellant's written notice of appeal, apparently sent by the appellant.
8. The document immediately following the appellant's notice of appeal in the trial court clerk's record is a document entitled "Motion in Objection to Court's Denial of Rule 32 Petition on October 16, 1996." (C.R.25-26.) This document and its certificate of service are also dated November 11, 1996. The stamp on this document indicates that it was filed in the circuit clerk's office on November 18, 1996.
9. The reporter's transcript order and the Court of Criminal Appeals docketing statement, which were executed by the appellant, are both dated November 25, 1996. (C.R.27-30.) The certificate of service attached to these documents is dated November 26, 1996. (C.R.28.) The stamp on these documents indicates that they were not filed in the circuit clerk's office until December 6, 1996.
10. The notice of appeal to this Court by the circuit clerk shows that the appellant filed his notice of appeal on December 2, 1996. (C.R.31.)
11. The circuit clerk's certificate of completion of the record also shows that the appellant filed his notice of appeal on December 2, 1996. (C.R.34.)
The attorney general argues that the appellant's December 2, 1996, notice of appeal was untimely, and that thus, the appeal is due to be dismissed. Symanowski v. State,606 So.2d 171 (Ala.Crim.App. 1992). In Symanowski, we held:
 "An appeal must be taken in the manner and within the time prescribed by the Alabama Rules of Appellate Procedure, or it is not taken at all. See Rogers v. Singleton, 286 Ala. 83, 237 So.2d 473 (1970). A.R.App.P. 4(b) provides that in a criminal case the notice of appeal must be filed within 42 days of pronouncement of sentence, provided that the notice of appeal may be orally entered at the sentencing, or it must be filed within 42 days after the denial or overruling of a motion in arrest of judgment, motion for a new trial, or motion for judgment of acquittal filed within 30 days of sentence. 'This 42-day period is to be applied uniformly. . . .' Committee Comments, Rule 4. Rule 2(a)(1) provides: 'An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.' This requirement of timely filing of the notice of appeal is 'a jurisdictional act'; '[i]t is the only step in the appellate process which is jurisdictional.' Committee Comments, Rule 3. See also Lewis v. State, 463 So.2d 154, 155 (Ala. 1985); Woods v. State, 371 So.2d 944, 945 (Ala. 1979); Turner v. State, 365 So.2d 335, 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336 (1978).
 " 'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . .' Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28
(1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). 'In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court.' Stewart v. Younger, 375 So.2d 428, 428 (Ala. 1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala. 1983); State v. Kebe, 399 So.2d 348
(Ala. 1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).' "
606 So.2d at 172.
It is undisputed that for the notice of appeal to be timely, it had to be filed with the clerk of the trial court by November 27, 1996, which is 42 days from the trial court's denial of his Rule 32 petition.[1] See Rules 3 and 4, Ala.R.App.P. If, as the state argues, the appellant's notice of appeal was filed on December 2, 1996, then the appeal is due to be *Page 1013 
dismissed as untimely; however, from our review of the record, we are unable to tell when the appellant filed his written notice of appeal with the trial court clerk, or how the trial court clerk determined that the date of the filing of the appellant's notice of appeal was December 2, 1996.
As noted above, although the appellant's notice of appeal is dated November 11, 1996, there is no indication in the record as to when that notice of appeal was filed with the trial court clerk. This Court received a copy of the appellant's notice of appeal on November 12, 1996. Moreover, the appellant's "Motion in Objection to Court's Denial of Rule 32 Petition," which was dated the same date as the appellant's notice of appeal and which was filed immediately after the notice of appeal in the clerk's record, was filed in the circuit clerk's office on November 18, well before the November 27 deadline. Although the Court of Criminal Appeals docketing statement was not filed in the trial court clerk's office until December 6, the notice of appeal was not necessarily untimely, because the docketing statement can be filed after the notice of appeal. See Rule 3(e), Ala.R.App.P.
A determination that the appellant's notice of appeal was untimely has significant ramifications, namely, the dismissal of the appeal. Accordingly, we must remand this cause to the trial court with instructions that the trial court determine when the appellant filed his written notice of appeal with the trial court clerk. The trial court shall take the necessary action to ensure that the circuit clerk makes due return to this Court at the earliest possible time within 28 days from the date of this opinion. We pretermit discussion of the other issues raised on appeal pending the return to remand.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] Although on November 18, 1996, the appellant filed a document entitled, "Motion in Objection to Court's Denial of Rule 32 Petition On October 16, 1996," the filing of the motion did not extend the time for the filing of the appellant's notice of appeal. The Rules of Criminal Procedure do not contemplate the filing of a motion for a new trial or its equivalent following the denial of a Rule 32 petition. See Patterson v. State,549 So.2d 635, 636 (Ala.Crim.App. 1989).
* Note from the reporter of decisions: On August 22, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.