Because I do not believe the circuit court had the authority to grant Fountain an out-of-time appeal from the dismissal of his first Rule 32 petition, I respectfully dissent. To be timely, a notice of appeal must be filed within 42 days after the circuit court dismisses a Rule 32 petition. See Ex parte Jones, 773 So.2d 989 (Ala. 1998) (citing Barfieldv. State, 703 So.2d 1011 (Ala.Crim.App. 1997)).
 "'"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal . . . even to relieve against mistake, inadvertence, accident, or misfortune. . . ." Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). "In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court." Stewart v. Younger, 375 So.2d 428, 428
(Ala. 1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala. 1983); State v. Kebe, 399 So.2d 348 (Ala. 1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).' *Page 726 
 "Symanowski v. State, 606 So.2d 171, 172 (Ala.Cr.App. 1992)."
Woods v. State, 609 So.2d 7, 8 (Ala.Crim.App. 1992). Because Fountain filed his notice of appeal after the 42-day period had expired, it was not timely. Furthermore, Alabama law does not provide for an out-of-time appeal from the dismissal of a Rule 32 petition. Rule 32 provides possible avenues of relief for complaints about the causes of confinement (i.e., a conviction and sentence), but not for complaints about collateral proceedings. Although Rule 32.1(f) provides a method for seeking an out-of-time appeal from a conviction or sentence, seeSymanowski v. State, 606 So.2d 171 (Ala.Crim.App. 1992), it does not provide a method for seeking an out-of-time appeal from the dismissal of a Rule 32 petition. Relief under Rule 32.1(f)
 "includes the situation in which the defendant fails to appeal because the trial court despite the requirements of [Rule] 26.[9(b)(4), Ala.R.Crim.P.], did not advise the defendant of his appeal rights, and the situation in which the defendant intended to appeal and believed timely appeal had been filed by his attorney when in reality it had not."
Longmire v. State, 443 So.2d 1265, 1269-70 n. 1 (Ala. 1982) (quoting Comment to Proposed Rule 32.1(f), Ala.R.Crim.P.). However, unlike a defendant who wishes to appeal his conviction, a Rule 32 petitioner who wishes to appeal the dismissal of his Rule 32 petition is not entitled as a matter of right either to the assistance of counsel or to an appeal.See Ex parte Cox, 451 So.2d 235, 237 (Ala. 1983). Because Alabama law does not specifically provide for an out-of-time appeal from the dismissal of a Rule 32 petition, the circuit court in this case did not have the authority to grant Fountain leave to file an out-of-time appeal from the dismissal of his first Rule 32 petition. Accordingly, this court should dismiss this appeal.