892 So.2d 976 (2004)
Ex parte State of Alabama
(In re Rodgrick Cornilius BROOKS v. STATE of Alabama).
1020344.
Supreme Court of Alabama.
January 16, 2004.
*977 William H. Pryor, Jr., atty. gen., and Robin Blevins Scales and G. Ward Beeson III, asst. attys. gen., for petitioner.
Submitted on petitioner's brief only.
HARWOOD, Justice.
The State of Alabama petitioned this Court for a writ of certiorari, which we granted, to address whether the Court of Criminal Appeals erred in reversing the judgment of the trial court denying Rodgrick Cornilius Brooks's second Rule 32, Ala.R.Crim.P., petition for postconviction relief. The Court of Criminal Appeals concluded that Brooks might have been entitled to an out-of-time appeal from the dismissal of his first Rule 32 petition based on the authority of Ex parte Fountain, 842 So.2d 726 (Ala.2001), and Ex parte Johnson, 806 So.2d 1195 (Ala.2001). We reverse and remand.
The record reveals the following. On October 20, 1997, Brooks was convicted of murder and first-degree robbery. He was sentenced to 30 years' imprisonment on the murder conviction and to 20 years' imprisonment on the first-degree-robbery conviction, the sentences to be served consecutively. The Court of Criminal Appeals affirmed Brooks's convictions and sentences on direct appeal, in an unpublished memorandum. Brooks v. State (No. CR-97-0540, June 19, 1998), 738 So.2d 941 (Ala.Crim.App.1998) (table). That court issued a certificate of judgment on July 7, 1998. On March 20, 2000, Brooks filed his first Rule 32, Ala.R.Crim.P., petition for postconviction relief, claiming ineffective assistance of both trial and appellate counsel and the improper empaneling of the petit jury. After the State filed its answer and its motion to dismiss the petition, the trial court summarily dismissed Brooks's Rule 32 petition. The order dismissing the petition concluded with the declaration: "Done this _____ day of August, 2000."
After receiving a copy of the order dismissing his petition, which was not stamped as having been received by the circuit clerk, Brooks sent three letters complaining that the order was undated. The first letter, dated October 4, 2000, was addressed to Judge Eugene W. Reese, the circuit court judge who entered the order, and requested that the circuit court vacate the undated order and issue a new one. The second letter, dated October 23, 2000, was addressed to the clerk of the Montgomery Circuit Court and inquired as to the status of his previous request to have the undated order vacated and a new order issued. The last letter, dated October 30, 2000, was addressed to the Administrative Office of Courts. Brooks did not receive a response to any of his letters.
On November 16, 2000, Brooks filed a "Motion for Correction of Clerical Mistake or Error," which was denied on November 29, 2000. On December 5, 2000, Brooks petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to vacate the undated order. On December 7, 2000, the Court of Criminal Appeals dismissed the petition because the petition failed to state a proper claim. Ex parte Brooks, 820 So.2d 183 (No. CR-00-0476, Dec. 7, 2000).
On December 28, 2000, because the trial court had not responded to his requests to issue a dated order, Brooks filed his second Rule 32 petition  the Rule 32 petition that is the subject of the State's instant petition for a writ of certiorari  requesting an out-of-time appeal from the dismissal of his first petition pursuant to Rule 32.1(f), Ala.R.Crim.P. After the State had filed its answer and had moved to dismiss the second Rule 32 petition, the circuit court entered an order on February 8, 2001, summarily dismissing Brooks's second Rule 32 petition. Brooks appealed to the Court of Criminal Appeals.
*978 In a per curiam opinion issued on December 21, 2001, the Court of Criminal Appeals treated Brooks's appeal as a petition for a writ of mandamus and granted the petition. On January 4, 2002, the State filed an application for rehearing, and on April 26, 2002, the Court of Criminal Appeals issued an opinion on rehearing withdrawing the December 21 opinion and substituting a new opinion. Brooks v. State, 892 So.2d 969 (Ala.Crim.App.2002). That new opinion, which did not treat the appeal as a petition for a writ of mandamus, remanded the case for the trial court "to determine when its order denying Brooks's first Rule 32 petition was entered, i.e., stamped as received by the circuit clerk, and whether Brooks received a copy of that order that was stamped as received by the circuit clerk." 892 So.2d at 973-74. The opinion also stated that if the circuit court determined that Brooks received his copy of the order after the 42-day period for filing a notice of appeal had run, or if it determined that he received no notice as to when the order had been entered, "it shall grant Brooks an out-of-time appeal." 892 So.2d at 974. On May 10, 2002, the State filed another application for a rehearing. Thereafter, apparently in response to the remand order, the trial court, on May 23, 2002, signed an order in all respects identical to its order entered on the "_____ day of August, 2000," thereby again denying Brooks's first Rule 32 petition. On October 18, 2002, the Court of Criminal Appeals, in an unpublished memorandum, on return to remand and on the State's application for a rehearing, determined that "the circuit court has granted Brooks the relief he requested," dismissed Brooks's appeal as moot, and overruled the State's pending application for rehearing. Brooks v. State (No. CR-00-1134, October 18, 2002), ___ So.2d ___ (Ala.Crim.App.2002) (table). The State filed its third application for rehearing on November 1, 2002, and the Court of Criminal Appeals overruled that application on November 15, 2002; the State now seeks certiorari review.
In its April 26, 2002, opinion, the Court of Criminal Appeals stated, in relevant part:
"`In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence.' Rule 4(b)(1), Ala.R.App.P. In the context of postconviction relief, the 42-day period runs from the date of the entry of the circuit court's order denying the Rule 32 petition. See Ex parte Potts, 814 So.2d 836, 838 n. 1 (Ala.2001) (`This Court has held that the date of entry by the clerk, rather than the date the judgment is rendered, should be used when computing the time within which the notice of appeal must be filed.').
"In Symanowski v. State, 606 So.2d 171 (Ala.Crim.App.1992), this Court stated:
"`An appeal must be taken in the manner and within the time prescribed by the Alabama Rules of Appellate Procedure, or it is not taken at all. See Rogers v. Singleton, 286 Ala. 83, 237 So.2d 473 (1970). [Ala.]R.App.P. 4(b) provides that in a criminal case the notice of appeal must be filed within 42 days of pronouncement of sentence, provided that the notice of appeal may be orally entered at the sentencing, or it must be filed within 42 days after the denial or overruling of a motion in arrest of judgment, motion for a new trial, or motion for judgment of acquittal filed within 30 days of sentence. "This 42-day period is to be applied uniformly...." Committee Comments, Rule 4. Rule 2(a)(1) provides: "An appeal shall be *979 dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." This requirement of timely filing of the notice of appeal is "a jurisdictional act"; "[i]t is the only step in the appellate process which is jurisdictional." Committee Comments, Rule 3. See also Lewis v. State, 463 So.2d 154, 155 (Ala.1985); Woods v. State, 371 So.2d 944, 945 (Ala.1979); Turner v. State, 365 So.2d 335, 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336 ([Ala.] 1978).
"`"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal ... even to relieve against mistake, inadvertence, accident, or misfortune...." Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). "In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court." Stewart v. Younger, 375 So.2d 428, 428 (Ala.1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala.1983); State v. Kebe, 399 So.2d 348 (Ala.1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).'
"606 So.2d at 172. See also Woods v. State, 609 So.2d 7, 8 (Ala.Crim.App.1992).
"This Court created a narrow exception to the 42-day rule in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), aff'd in pertinent part, rev'd on other grounds, 842 So.2d 726 (Ala.2001). In Fountain, the circuit court had granted the appellant's second Rule 32 petition, in which he had requested an out-of-time appeal from the dismissal of his first Rule 32 petition, `ruling that, because Fountain was never notified of the ... dismissal of his petition, his failure to timely appeal from that dismissal was through no fault of his own.' 842 So.2d at 721. This Court stated:
"`[U]nder these circumstances, to deny Fountain the opportunity to seek an out-of-time appeal of the circuit court's denial of postconviction relief, solely because the Alabama Rules of Criminal Procedure do not specifically provide such a procedure, would be to deny Fountain his right to procedural due process and would not be a fair administration of justice. Our sense of fundamental fair play requires us to recognize a petitioner's right to petition a circuit court for an out-of-time appeal pursuant to Rule 32.1(f), Ala.R.Crim.P., of that court's denial of postconviction relief when the petitioner has been denied the ability to file a timely appeal because of a mistake by the circuit court. Article I, § 35, Alabama Constitution of 1901. Our holding is limited to those cases where, as here, the circuit court recognizes that it was the fault of the court that the petitioner was unable to perfect a timely appeal.'
"842 So.2d at 723-24. The Alabama Supreme Court affirmed that aspect of this Court's judgment in Fountain affirming the trial court's grant of an out-of-time appeal. See Ex parte Fountain, 842 So.2d 726 (Ala.2001).1
"In addition, in Ex parte Johnson, 806 So.2d 1195 (Ala.2001), the Alabama Supreme Court held that denying a Rule 32 petitioner his ability to have the ruling on his petition reviewed on appeal violated the petitioner's right to procedural due process when the petitioner's *980 inability to perfect a timely appeal was caused by the circuit court's failure to give adequate notice of its ruling. Relying on Ex parte Weeks, 611 So.2d 259 (Ala.1992), the Court in Johnson issued a writ of mandamus, stating:
"`"Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them.... Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
"`"The circuit court's dismissal of Weeks's appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding  the opportunity for all of the parties to be heard  and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to `usurpation and oppression' by this state's judicial branch of government if this branch failed to recognize Weeks's right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const."
"`611 So.2d at 261-62 (citations omitted).
"`Considering the limited facts before us on this mandamus petition, we conclude that, through no fault of his own, Johnson has never been notified that his Rule 32 petition has been denied, even though it appears the petition was denied and even though he was entitled to such notification. The trial judge does not dispute Johnson's allegation that he has never received notification of the disposition of his Rule 32 petition, and the judge has presented no evidence suggesting that Johnson has received notice. On this state of the record, we must conclude that Johnson was not informed of the denial of his Rule 32 petition.
"`We cannot deny Johnson his day in court simply because the trial court has not notified him of the disposition of his Rule 32 petition. See Weeks. Like the defendant in Weeks, Johnson asked, through the office of the circuit clerk, that he be notified of material developments in his case. Johnson was not notified that his Rule 32 petition was denied, and the 42-day period during which he could have appealed that denial has expired. We vacate the order dated May 15, 2000, denying Johnson's Rule 32 petition, and we direct the trial court to enter a new order and to promptly send Johnson notification of that order.'
"806 So.2d at 1196-97.

*981 "For the reasons stated below, we conclude that an out-of-time appeal under Rule 32 may be appropriate in this case. The record indicates that the copy of the order mailed to Brooks denying his first Rule 32 petition does not contain the stamp of the circuit clerk denoting the exact date the order was entered. In fact, nothing in the record indicates the date the order was actually entered. Furthermore, the State admitted in its response to Brooks's second Rule 32 petition and in its brief on appeal that the order is dated simply `August 2000.' Brooks has included in the record a copy of the envelope from the circuit court, which he claims is postmarked September 29, 2000. Although the postmark on the copy of the envelope in the record is illegible, Brooks claimed in his second Rule 32 petition, and claims now, that the envelope containing the order was postmarked September 29, 2000.
"The problem lies in the fact that, if the order was entered on August 1, 2000, the earliest possible date of entry from the information provided on the copy of the order, then Brooks's 42-day period in which to file his notice of appeal would have run on September 12, 2000, 17 days before Brooks's copy of the order was mailed to him. In fact, if the order was entered on or before August 18, 2000, the 42-day period for filing the notice of appeal would have run before Brooks received his copy of the order. For this reason, and because the 42-day period for filing his notice of appeal expired while Brooks was attempting to get clarification from the circuit court as to when the 42-day appeal period would begin, we conclude that Brooks's claim that he should have been allowed to appeal the summary dismissal of his first Rule 32 petition is meritorious on its face.2 Rudimentary principles of notice and fair play, which are the hallmarks of procedural due process, require that an inmate receive notice as to when the 42-day appeal period commences for purposes of filing a notice of appeal from an adverse ruling of the trial court. An inmate's lack of notice as to when the 42-day appeal period commences, we think, is tantamount to an inmate's receiving no notice of a ruling at all, at least for purposes of satisfying the requirements of procedural due process. Based on the state of this record, it appears that Brooks may have had no way of knowing whether he needed to file a notice of appeal or to pursue, as he did, other avenues of relief.
"Brooks's attempts to clarify the status of his case culminated in his filing a second Rule 32 petition, in which he again raised the issue of his lack of adequate notice of the circuit court's ruling on his first Rule 32 petition. Because of the apparent confusion that may have been generated by the copy of the order that was sent to Brooks, we believe that it would elevate form over substance not to recognize Brooks's letters to the circuit court and his second Rule 32 petition as sufficiently asserting the right to procedural due process that this Court discussed in Fountain and that the Alabama Supreme Court discussed in Ex parte Johnson.

"Based on our review of the record, and in light of Fountain and Ex parte Johnson, we conclude that Brooks may, in fact, be entitled to an out-of-time appeal from the dismissal of his first Rule 32 petition and that, therefore, the circuit court erred in summarily dismissing Brooks's second Rule 32 petition requesting such relief.

*982 "___________
"1 That Court reversed that aspect of this Court's judgment affirming the denial of Fountain's first Rule 32 petition.
"2 Although Brooks's petition focuses on the fact that the trial court's order was undated, Brooks nonetheless argued that the order `denies the petitioner due process of law as it cannot be ascertained when the 42 days start or stop in which to appeal this undated order.' (C. 29. Petitioner's Opposition Response to the Respondent's Answer and Motion to Dismiss.)"
Brooks v. State, 892 So.2d 969, 971-73 (Ala. Crim App.2002).
Judge Shaw wrote specially, concurring in the result. He stated:
"I do not believe that Rule 32, Ala.R.Crim.P., provides a method for seeking an out-of-time appeal from the dismissal of a Rule 32 petition. To that extent, I agree with the dissenting opinion of Judge Baschab in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000) (joined by McMillan, P.J.). In Fountain, a majority of this Court, following the lead of the Alabama Supreme Court in Ex parte A.D.R., 690 So.2d 1208 (Ala.1996), effectively amended Rule 32 to provide an avenue of postconviction relief for the denial of a fundamental right to due process. This Court stated:
"`We therefore believe that, under these circumstances, to deny Fountain the opportunity to seek an out-of-time appeal of the circuit court's denial of postconviction relief, solely because the Alabama Rules of Criminal Procedure do not specifically provide such a procedure, would be to deny Fountain his right to procedural due process and would not be a fair administration of justice.'
"842 So.2d at 723-24. I agree that relief should be available under the circumstances presented in Fountain and in the present case. However, the Alabama Supreme Court is vested with the constitutional authority to `make and promulgate... rules governing practice and procedure in all courts.' § 6.11, Amend. No. 328, Ala. Const.1901. Therefore, although the Supreme Court in Ex parte A.D.R. had the constitutional authority to amend, by its opinion, Rule 32 so as to allow Rule 32 to be used to obtain an out-of-time appeal of a juvenile transfer order, I do not believe that this Court had the authority to take the same course of action with respect to the issue presented in Fountain.

"This Court's decision in Fountain reflected the basic premise that when the failure of a Rule 32 petitioner to perfect a timely appeal is the fault of the circuit court, there is a violation of procedural due process for which the law would not tolerate the lack of a remedy. That basic premise, of course, was recently recognized by the Alabama Supreme Court in Ex parte Johnson, 806 So.2d 1195 (Ala.2001). However, this Court's split decision in Fountain (the vote was 3-2) also reflected a basic disagreement among the Judges of this Court as to the proper procedure by which to pursue a remedy. That disagreement centered around whether Rule 32.1(f) provides a method for seeking an out-of-time appeal from the dismissal of a Rule 32 petition. In light of the recent decision in Ex parte Johnson, in which the Alabama Supreme Court, citing Ex parte Weeks, 611 So.2d 259 (Ala.1992), recognized that mandamus relief was available to secure the procedural due process rights of an inmate who had not been properly notified of a ruling on his Rule 32 petition (and thereby implicitly recognized that no other adequate remedy at law existed4), this Court took the opportunity, in its original opinion in this case, to revisit its procedural holding in Fountain. After further reflection, a *983 majority of this Court concluded that although Rule 32.1(f) provided a possible avenue of relief for a petitioner who failed to appeal from his conviction and/or sentence, it did not provide an avenue of relief for a petitioner who failed to appeal from an adverse ruling in a previous collateral proceeding. In its original opinion in this case, released on December 21, 2001, this Court, in another split decision, held that Rule 32.1(f) provided a method for seeking an out-of-time appeal from a conviction or sentence, see Symanowski v. State, 606 So.2d 171 (Ala.Crim.App.1992), but that the language of the Rule was not broad enough to support the Fountain interpretation  that Rule 32.1(f) provides a method of seeking an out-of-time appeal from the dismissal of a Rule 32 petition. Therefore, this Court overruled Fountain to the extent that it was inconsistent with our holding.
"However, in an opinion released only seven days after we released our original opinion in this case, the Alabama Supreme Court, although reversing that aspect of this Court's judgment affirming the denial of Fountain's first Rule 32 petition, stated that `we affirm that aspect of the judgment of the Court of Criminal Appeals affirming the grant of the out-of-time appeal.' See Ex parte Fountain, 842 So.2d 726, 730 (Ala.2001).
"I find it puzzling that the Supreme Court took the unnecessary step of affirming an aspect of this Court's judgment that was not challenged in a petition for a writ of certiorari. The Court noted in its opinion: `The State has not sought certiorari review of the aspect of the judgment of the Court of Criminal Appeals affirming the trial court in its granting Fountain an out-of-time appeal.' Ex parte Fountain, 842 So.2d at 727. Having spent the vast majority of my professional life as a staff attorney to two Justices on the Alabama Supreme Court, I find it unlikely that the Justices intended, when they released the opinion in Ex parte Fountain, to overrule a week-old decision of this Court that had reexamined and overruled a previous decision. Nowhere in its opinion did the Supreme Court mention this Court's original opinion in this case and nowhere in its opinion did it engage in any analysis with respect to the proper interpretation of Rule 32.1(f). If the Supreme Court had intended to overrule this Court's original opinion in this case, I would certainly have expected it to address the issue at hand, especially given the fact that the Court, in Ex parte Johnson, had just previously recognized, at least implicitly, that mandamus relief was available in cases of this kind because there was no other adequate remedy available.
"Having said all of this, however, I recognize that there is no escaping the apparent legal effect of the Supreme Court's opinion in Ex parte Fountain. `Affirm' is defined in Black's Law Dictionary 59 (7th ed.1999), as `[t]o confirm (a judgment) on appeal.' `Affirmance' is defined in Black's as `[t]he formal approval by an appellate court of a lower court's judgment, order, or decree.' The State did not file an application for rehearing in Ex parte Fountain to seek clarification of the Supreme Court's intent in affirming that aspect of this Court's judgment affirming the trial court's granting Fountain an out-of-time appeal under Rule 32.1(f). Therefore, I urge the Supreme Court to clarify its holding in Ex parte Fountain at its earliest convenience.
"______
"4 `The writ of mandamus is a drastic and extraordinary writ, to be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, *984 accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."' Ex parte Carter, 807 So.2d 534, 536 (Ala.2001), quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)."
892 So.2d at 974-76.
The legal issues presented here are identical to those presented in Marshall v. State, 884 So.2d 900 (Ala.2003). In that case we held that the Court of Criminal Appeals had erred in Brooks v. State, 892 So.2d 969 (Ala.Crim.App.2002), when it recognized "the availability of an `additional' remedy by way of a successive Rule 32 petition." "[W]e reiterate that the writ of mandamus is `the only remedy available' to those who, ... through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom." Marshall v. State, supra, 884 So.2d at 905. Therefore, it follows, the Court of Criminal Appeals erred in concluding in its substituted opinion issued on April 26, 2002, that the trial court had erred in summarily dismissing Brooks's second Rule 32 petition because, the Court of Criminal Appeals reasoned, Brooks could present his grievance by way of a second Rule 32 petition instead of by the exclusive remedy of a petition for a writ of mandamus.
Accordingly, on the authority of Marshall v. State, we reverse the judgment of the Court of Criminal Appeals and remand this case to that court for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
There are two fundamental and related problems with relegating a defendant solely to a petition for a writ of mandamus instead of a second Rule 32 petition to apply for an out-of-time appeal from the denial of the defendant's first Rule 32 petition. First, the defendant's entitlement to an out-of-time appeal depends on facts about judgments, rulings, entries, notices, filings, and the like, and the dates thereof, that first should be presented to and determined by the trial court. A petition for a writ of mandamus filed directly with an appellate court entirely skips such a presentation and determination in the trial court. Second, a writ of mandamus should issue to a trial judge only to redress his or her refusal to grant relief clearly due the petitioner. Ex parte Carter, 807 So.2d 534, 536 (Ala.2001). But, if the defendant-petitioner is not allowed first to present an application with a factual and legal showing for an out-of-time appeal to the trial judge, the trial judge cannot be held to have refused to grant clearly due relief so as to warrant a petition for a writ of mandamus against him or her. Id.
If, for example, an incarcerated defendant receives a notice which tells him that, on a date more than 42 days earlier, the trial court denied his first Rule 32 petition a few days after it was filed, against whom should the defendant file a petition for a writ of mandamus seeking an out-of-time appeal? Who has refused him an out-of-time appeal? Unless the defendant asks the trial court for an out-of-time appeal and makes a factual and legal showing that clearly justifies one, and unless the trial court then refuses the out-of-time appeal, no grounds for a petition for a writ of mandamus against the trial judge will exist. Ex parte Carter, supra. Nor will any grounds for a petition for a writ of mandamus against the Court of Criminal Appeals exist, for that court, having never even heard of the case at that stage, certainly cannot be deemed to have refused the defendant an out-of-time appeal and thereby to have violated any clear legal right to *985 relief owing to the defendant, as would be prerequisite to mandamus relief. Id.
Is the main opinion holding implicitly that the defendant may effectively demand the out-of-time appeal and make his showing of a clear legal right by writing one or more letters to the trial court so long as the defendant does not call the letters a Rule 32 petition? Is the main opinion now conferring legal status upon letters to the courts?
Is Rule 32 not intended to unify and to simplify the postconviction hodgepodge? See Rule 32.4, Ala. R.Crim. P. Is a Rule 32 petition not the most practicable procedure for a defendant to present and the trial court to decide the defendant's claim to an out-of-time appeal? On the other hand, if the main opinion is implicitly holding that the defendant must write one or more letters asking the trial court for the out-of-time appeal and making the showing of a clear legal right to an out-of-time appeal in order to establish grounds for a petition for a writ of mandamus against the trial judge, then the main opinion is elevating form over substance by not recognizing Brooks's second Rule 32 petition as one more such letter (in addition to those he has already written) and by not recognizing his appeal of the denial of his second Rule 32 petition as his petition for a writ of mandamus in accordance with Ex parte Burch, 730 So.2d 143 (Ala.1999), and Ex parte Hutto, 720 So.2d 1051 (Ala.Crim.App.1998), much as the Court of Criminal Appeals did when this same case was before them on original submission.
When Brooks, the defendant-petitioner now before us, filed his second Rule 32 petition on December 21, 2000, it was expressly authorized by Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), as a method to seek an out-of-time appeal of the denial of his first Rule 32 petition. This holding of Fountain was affirmed by this Court in Ex parte Fountain, 842 So.2d 726, 728, 730 (Ala.2001), as the Court of Criminal Appeals acknowledged in their revised opinion in this Brooks case on application for rehearing, Brooks v. State, 892 So.2d 969, 973-74 (Ala.Crim.App.2002). For the reasons explained in this dissent, Brooks's second Rule 32 petition was the most logical way to seek an out-of-time appeal. Therefore, the Court of Criminal Appeals was correct to follow Ex parte Fountain and to grant Brooks his relief in Brooks v. State, supra. For these reasons, I respectfully dissent from reversing the judgment of the Court of Criminal Appeals.
I do note that the remand by this Court does not prohibit the Court of Criminal Appeals from treating Brooks's letters to the trial court as his demand and showing for an out-of-time appeal, treating his second Rule 32 petition as another such letter, and treating his appeal as a petition for a writ of mandamus, much as that court did on original submission. Such a solution is the second best way, necessitated by the main opinion, to achieve the fundamental due process the courts owe Brooks and other defendants similarly situated.